### TAFFE *v.* THE STATE.

1. A court having a jury by statute has jurisdiction to try by jury in all criminal cases which it can try at all. Although the statute gave the accused the right to be tried by the judge, he waived that right by submitting to be tried by a jury without objection.

2. Counsel for the State is not precluded from attacking the credibility of a witness in his concluding argument to the jury, although in his opening argument he has not given notice of his intention to do so.

3. Where the disturbance alleged in the indictment was, " by talking, and by loud talking, and by using profane language, and by using abusive language, and by then and there being intoxicated, and by otherwise indecently acting, striking matches, smoking a pipe, making indecent and vulgar noises by laughing aloud, contrary to the laws of said State," etc., and there was evidence of indecent and vulgar noises by the defendant but not of his laughing aloud, the court did not err in charging that the jury might convict upon proof of indecent and vulgar noises. Under the indictment they were not restricted to the consideration of indecent and vulgar noises made by laughing aloud, the noise in question being fairly within the description of "indecently acting."

4. Whether the questions, " Did the defendant do anything to disturb the congregation ? What was done by the defendant to disturb the congregation?" propounded to a witness, were accurate in form or not, there was no error in requiring them to be modified in form, the court having ruled that the witness might be asked what the defendant's conduct was, or whether any of the noises charged in the indictment were made by the defendant, if so what, but that whether the congregation was disturbed or not was a question for the jury.

5. The evidence being sufficient, though conflicting, and the trial judge being satisfied with the verdict, his discretion in refusing a new trial will not be interfered with.

October 8, 1892.

Criminal law.  Jury trial.  Waiver.  Practice.  Argument.  Evidence.  Before Judge TURNBULL.  City court of Floyd county.  June term, 1892.

1. The defendant was indicted for disturbing a congregation of persons lawfully assembled for divine service in a grove at West Rome.  He was tried in the city court of Floyd county.  Upon the calling of the case the defendant and the State both announced ready. Thereupon the court, according to its usual practice, directed a jury to be stricken, which was done, and the trial entered upon, without any objection on the part of the defendant.  He struck the jury and by counsel signed the plea of not guilty and general waiver on the indictment, and proceeded with the trial before the jury. At a former term a trial by jury was entered upon, and a mistrial ordered on providential grounds.  No written demand for trial by jury was made by defendant at either term of the court.  After conviction he moved in arrest of judgment, upon the ground that the court should have tried the issue raised by his plea of not guilty, and that the trial by jury was illegal because he had made no written demand for trial by jury.  Exceptions are taken to the overruling of this motion, and of the motion for a new trial.

2. The first special ground for new trial alleges that the court erred in declining to stop the solicitor-general from attacking the character of a witness for the defendant.  The solicitor-general had the conclusion, and said of the witness that he was a liar, and his testimony unworthy of belief.  Defendant objected, and requested the court to disallow any comments on the credibility of the witness, on the ground that no such position had been taken by the solicitor-general in his opening argu-

ment, and defendant had no notice that such an argument would be urged. The court declined to interfere on behalf of defendant, and the solicitor-general repeated that the witness had exhibited great ability as a liar, and attacked the credibility of the witness, without having given notice of his intention to do so in his opening argument, although defendant's counsel had specially requested that the solicitor-general should give to defendant's counsel a statement of all the points he expected to rely on, and he gave no notice of such point in this case.

3. The disturbance alleged in the indictment was "by talking, and by loud talking, and by using profane language, and by using obscene language, and by then and there being intoxicated, and by otherwise indecently acting, striking matches, smoking pipe, making indecent and vulgar noises by laughing aloud." The court charged: "If you believe from the testimony, and believe beyond a reasonable doubt, that the defendant did by talking, or by loud talking, or by using profane language, or by using obscene language, or by striking matches, or smoking a pipe, or making indecent and vulgar noises, or was connected with or participated in any such act or acts, and that such acts were calculated to and intended by defendant to disturb a congregation lawfully assembled, you would be authorized to find him guilty." The defendant insists that this charge was not authorized by the evidence, nor by the indictment, nor by the statute under which he was indicted, and made his guilt depend on the bare fact of smoking a pipe and striking matches.

The court refused the defendant's request to charge as follows: "The only noises that can be considered by the jury in deciding on defendant's guilt, are striking matches and laughing aloud, talking and loud talking. No other noises are alleged in the indictment, and you can

consider no other in passing on the case" It is insisted that the jury should have been confined to such noises as were named in the indictment, and should have been cautioned not to consider any others, especially as a witness for the State had sworn that defendant had been guilty of the indecent conduct of making a noise like breaking wind in the congregation, and no such charge was made or contained in the indictment; that the evidence of this witness was calculated to inflame the jury against the defendant, by testifying to a specific, vulgar and indecent act not contained in the indictment; and that the request was intended to have the jury charged not to consider such acts, and the court erred in not so doing either in the form of the request or in some other form.

4. The court sustained the objections of the solicitor-general to the questions: "Did Mr. Taffe do anything to disturb the congregation? What was done by the defendant to disturb the congregation?" The court allowed witnesses to be asked whether any of the noises charged in the indictment were made by the defendant, if so what, and what effect had they on the congregation; and ruled that the witnesses might be asked what the defendant's conduct was, but that whether the congregation was disturbed or not was a question for the jury. The defendant insists that the questions did not seek a conclusion of the mind of the witness, that disturbance is a fact and what acts and conduct produced it are also facts, and that the testimony thus excluded was competent and tended to throw light on the transactions being investigated.

5. The motion alleges that the verdict is contrary to law and evidence.

G. & W. HARRIS and DABNEY & FOUCHÉ, for plaintiff in error.

W. J. NUNNALLY, solicitor-general, *contra.*

Simmons, Justice.

The act creating the city court of Floyd county declares that " the trial of all issues of fact in said court shall be by the court without a jury, except where either party in a civil case or the defendant in a criminal case shall in writing demand a trial by jury "; and that " the failure to file such demand at or before the beginning of the trial shall be a waiver of said right." Acts 1882-3, p. 538. The record shows that the accused was tried by the court with a jury although none was demanded, and of this he complains. The point was raised by his motion in arrest of judgment, it being insisted that the court was without jurisdiction to try him with a jury unless a jury was demanded. It does not appear that before judgment he made any objection to this mode of trial. On the contrary, he aided in the selection of the jury and submitted his case to it. If, therefore, he had any right under this statute to object to being tried by the court with a jury, he waived it. The trial by jury impaired no right which he was precluded from waiving; in fact, the complaint is, in effect, that he was accorded his constitutional right to a jury without having demanded it. He was tried by a court that had jurisdiction of himself and of his case, and the fact that he was tried by the court with a jury, but without a written demand, could not be fatal to the jurisdiction.

The remaining questions in the case are ruled by the head-notes.　　　　　　　　　　*Judgment affirmed.*