## MILLER *v.* SMITH.

LUMPKIN, J. 1. An equitable petition was filed, seeking to enjoin the enforcement of a judgment, and to have an equitable set-off against it established. The defendant demurred. When the demurrer was called for hearing, the plaintiff suggested that the defendant had been adjudicated a voluntary bankrupt, but that no trustee had been appointed, which facts were admitted. He contended that the hearing should be stayed. The court declined to stay the proceedings. *Held,* that this ruling was not error. *Woddail* v. *Austin,* 44 *Ga.* 19; *Southern Express Co.*

v. *Connor,* 49 *Ga.* 416; *Gilmore* v. *Bangs,* 55 *Ga.* 403; *Conner* v. *Southern Express Co.,* 42 *Ga.* 37 (5 Am. R. 543); *Griffin* v. *Mutual Life Ins. Co.,* 119 *Ga.* 664 (46 S. E. 870).

2. Suit was brought by attachment for a breach of contract, and the declaration in attachment alleged that the defendant had contracted to receive and pay for certain piles of yellow pine, that it received and paid for a certain number of them but refused to accept the balance, and that the plaintiff had the piles cut and in his possession ready for delivery, and retained them for the defendant, ready to deliver them to him on demand. A recovery was had for the contract price of the piles which were alleged to have been refused by the defendant. *Held,* that this was an adjudication that the plaintiff had the piles ready for delivery, and that the defendant refused to accept them, and broke his contract. A writing off of a small part of the recovery did not change this as to the recovery which remained.

3. After such judgment, the defendant therein filed an equitable petition in which he alleged that the defendant (the plaintiff in the attachment suit) did not have in his possession at the time of the filing of the petition or at the time of the former trial, and ready for delivery, the piles or any considerable part of them; that the defendant was of limited means and unable to respond in damages; and that a judgment against him for the recovery of the piles or their value would be worthless. It was not alleged that any demand for the piles, or any acceptance of them, had been made since the judgment in the attachment case. It was prayed that the plaintiff in this petition recover from the defendant (the former plaintiff in attachment) the value of the undelivered piles, "unless in the meantime the said [defendant] shall see fit to deliver the said piles, in accordance with said alleged contract, to your petitioner, who is ready to receive them;" that the judgment sought to be recovered be set off against the former judgment; and that the plaintiff in that judgment be enjoined from having execution issued and from transferring or assigning it. *Held,* that the petition was properly dismissed on demurrer.

*Judgment affirmed. Fish, C. J., absent. The other Justices concur.*
MARCH 15, 1911.

Equitable petition. Before Judge Conyers. Glynn superior court. February 16, 1910.

*Crovatt & Whitfield,* for plaintiff.

*Max Isaac,* for defendant.