THE PEOPLE, RESPONDENT, *v.* SOLARES, APPELLANT.

APPEAL from the District Court of Arecibo.

No. 580.—Decided April 30, 1913.

CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT MURDER—INFORMATION—
PREMEDITATED INTENT.—To constitute the crime of assault with intent to
commit murder as defined in section 218 of the Penal Code, the assault must
be committed with premeditated intent to kill and that fact must be alleged
in the information.

ID.—ERRORS NOT PREJUDICIAL TO ACCUSED—AGGRAVATED ASSAULT AND BATTERY.—
It is not an error prejudicial to the accused such as to require the reversal
of the judgment for the trial court to overrule a demurrer to the information
based on the ground that it was insufficient because it did not expressly
allege a premeditated intent to kill where, as in this case, the accused was
found guilty of aggravated assault and battery.

The facts are stated in the opinion.

*Mr. Charles E. Foote, fiscal,* for The People.

*Messrs. Santiago Vivaldi* and *Miguel Guerra* for appellant.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a judgment of the District Court
of Arecibo sentencing the appellant, Eloy Solares, to impris-
onment in jail for one year and six months for the crime of
aggravated assault and battery. The pertinent parts of the
information are as follows:

The *fiscal* charges Eloy Solares with the crime of *assault
with intent to kill,* a felony committed as follows: During
the night of February 23, 1912, in the town of Manatí, in the
judicial district of Arecibo, P. R., the said Eloy Solares did
then and there unlawfully, wilfully, and with malice afore-
thought attack and assault Juan Bonhome by firing five shots
at him from a revolver, wounding him with four of the same
in different parts of his body.

Upon being arraigned the accused pleaded not guilty and
elected to be tried by a jury. The trial being set for Novem-
ber 27, 1912, on that day the accused by his attorney de-
murred to the information on the ground that the facts set

forth therein did not constitute a public offense. The demurrer was overruled by the court.

At the trial the accused by his counsel demurred also to the information on the ground that the facts stated therein were not sufficient to constitute the crime described in section 218 of the Penal Code. This demurrer was likewise overruled by the court.

The trial proceeded and the jury returned a verdict finding the accused guilty of aggravated assault and battery and not of assault with intent to commit murder, whereupon the court rendered the judgment hereinbefore referred to.

The record does not include the evidence introduced and the only questions involved in the appeal are those arising from the allegations of the accused made on November 27, 1912, prior to and during the trial.

The first, *i. e.*, that the information did not set forth facts constituting a public offense, has no foundation whatever. The second is more substantial, *i. e.*, that the facts set forth in the information do not constitute the crime of assault with intent to commit murder described in section 218 of the Penal Code, and is worthy of consideration.

Section 218, which is relied on, reads as follows:

"Every person who assaults another with intent to commit murder, is punishable by imprisonment in the penitentiary not less than one nor more than fifteen years."

Murder, according to section 199 of the Penal Code, is the unlawful killing of a human being with malice aforethought. Hence in order to constitute the crime referred to in section 218 it is essential that the assault be committed with the premeditated intent to kill, and this should be alleged expressly in the information.

If we examine the information filed in the present case, we will see that the intent to kill on the part of the accused, while it may be inferred from the phraseology, is not alleged

expressly, as good practice requires, and on this account the district court should have sustained the defendant's demurrer.

The court undoubtedly erred in failing so to do; but was the error so committed of such a fundamental nature as to justify the reversal of the sentence subsequently rendered?

Let us consider the circumstances of the case. The accused, as stated, was not sentenced for attempt to kill, but for aggravated assault and battery, and the information was sufficient in every respect to include said offense. Consequently, the information came within the required limits and the rights of the accused were in no wise prejudiced.

It is alleged in the brief of the appellant that the accused was injured in that, viewing the nature of the offense, he was entitled to be tried by the municipal court of the town where he is domiciled and not by the district court. We have decided in many cases that district courts have concurrent jurisdiction with municipal courts to try misdemeanors, under which category aggravated assault and battery is classified. Therefore, this being the case and the *fiscal* having elected to try the case in the district court and not in the municipal court, the accused has no ground for complaint.

Neither can the fact that the accused was tried by a jury be held to have prejudiced his case, especially seeing that he himself elected to be so tried. *Taffe* v. *State,* 16 S. E. Rep., 204.

In view, therefore, of all the surrounding circumstances it must be held that the error committed by the court below in no manner affected the material rights of the accused, and such error cannot serve as a ground for the reversal of the judgment appealed from.

In reaching this conclusion we are governed further by the provisions of section 461 of the Code of Criminal Procedure, which reads as follows:

"Neither a departure from the form or mode prescribed by this code in respect to any pleading or proceedings, nor an error or mis-

take thêrein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right."

The appeal must be dismissed and the judgment affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice MacLeary did not take part in the decision of this case.