6631, 6632. TWINE *et al. v.* SLATON, Governor.

WADE, J. 1. The court did not err in allowing the amendment to the scire facias and in thereafter overruling the demurrers.

2. The motion for a new trial assigns error "because the court was without jurisdiction to make said rule absolute on the 24th day of February, 1915." How and for what reason the court was without jurisdiction to make the rule absolute on the day named is not pointed out by this exception, and therefore it presents nothing for consideration by this court.

3. Under the provisions of the act creating the city court of Carrollton (Acts of 1897, p. 442, § 14), where no demand for a jury is made in writing at the appearance term, the presiding judge is empowered to try issues of fact without the intervention of a jury, in all civil cases. As no such demand was made in this case, the trial judge did not err in passing upon all the issues raised by the pleadings. He certifies that there was no custom to the contrary.

4. The assignments of error not dealt with above are either without substantial merit in themselves, or not so made as to present for determination any precise question to this court.

5. There was evidence to support the finding of the court, and no error in overruling the motion for a new trial appears.

*Judgment affirmed in both cases.*

DECIDED FEBRUARY 3, 1916. REHEARING DENIED FEBRUARY 28, 1916.

Forfeiture of recognizance; from city court of Carrollton— Judge Beall. April 28, 1915.

The material facts in each of the above-stated cases are identical. Each was a proceeding in the city court of Carrollton to forfeit a recognizance for the appearance of Will Twine to answer for "the offense of a misdemeanor." The rule nisi in each recited that the bond was conditioned for his appearance before "the next city court of Carrollton;" but the scire facias recited that the bond was conditioned for his appearance before the "next superior court," etc. This was the basis of the demurrers. The amendment referred to in the foregoing decision (paragraph 1) made

the scire facias conform to the rule nisi, by substituting the city court for the superior court, in the recital of the condition of the bond.

*Boykin & Boykin,* for plaintiff in error.

*C. E. Roop, solicitor,* contra.