### 14094. COBB *v.* JOLLEY.

BROYLES, C. J. 1. Where the owner of land gives to a broker, for a valuable consideration, a written option, for a named number of days, to sell his land at a certain fixed price, the owner cannot lawfully withdraw the option during the life of the contract. And the broker's commissions are earned if, during the life of the option, he finds a purchaser ready, able, and willing to buy, and who actually offers to buy, the land on the terms stipulated by the owner. Civil Code (1910), § 3587; *Simpson* v. *Sanders,* 130 *Ga.* 265, 270 (60 S. E. 541), and citations.

2. Under the above ruling the court erred in charging the jury as complained of in the plaintiff's motion for a new trial, and this error necessitates another trial of the case.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED MARCH 7, 1923.

Complaint; from city court of Carrollton — Judge Hood. November 2, 1922.

W. S. Cobb sued R. A. Jolley for a sum alleged to be a reasonable commission on the purchase price of certain land, basing the action on a written option, and alleging that during the life of the option he obtained purchasers able, ready, and willing to buy the land for cash at stated prices exceeding the price named in the option, but that the defendant refused to sell the land to them. The defendant pleaded that the written option was altered without his consent by inserting the words, " This option expires October 15, 1919," after he had signed it; and that on July 9, 1919, he withdrew from the plaintiff the sale of the property described therein. The writing in question was as follows: " For the consideration of one dollar ($1.00) in hand paid, I hereby give W. S. Cobb option on my two places known as the Golden place and the Flowers place in the 6th district of Tift county, to sell for me at $60.00 per acre net. Said places contain 440 acres, 263 acres in the Golden place and 177 acres in the Flowers place. This option expires Oct. 15th, 1919. This 17th day of December, 1918. (Signed) R. A. Jolley." The verdict was for the defendant.

The instructions to the jury which are complained of in the motion for a new trial were as follows: (1) " So if you find, from the evidence in this case, that Mr. Jolley, in good faith, advised Mr. Cobb that he would withdraw the sale of this property from him before Mr. Cobb had found a purchaser willing to buy, able to buy, and offering to buy according to the terms of the contract, then I charge you that he would have the right to withdraw the sale of the property, and the defendant would not be liable to the plaintiff for any commission on the sale of the land." (2) " Mr. Jolley insists that before Mr. Cobb ever intimated or made any suggestion to him, or advised him that he had a purchaser that was ready, willing, and able to buy, that he had withdrawn from Mr. Cobb the sale of this property. That is his contention about this, and is really the only question for you to determine. If you find from the evidence that Mr. Jolley had advised Mr. Cobb that he had withdrawn the sale of this property from him before Mr. Cobb had presented a purchaser to him, then I charge you that the plaintiff could not recover in this case."

*S. Holderness, Smith & Christian,* for plaintiff.

*Boykin & Boykin,* for defendant.