16522. HARGRETT, trustee, *v.* JOLLEY.

1. Where a bill of exceptions is duly and regularly certified by the presiding judge according to law, an additional and contradictory certificate following the one required by statute will be ignored and will afford no cause for dismissing the bill.

2. Where, pending a civil cause, the plaintiff was adjudicated a bankrupt, and where, after an order had been passed making his purported trustee in bankruptcy a party plaintiff, it was made to appear, without dispute, that the trustee, though once duly appointed and commissioned, had ceased to be such, having been discharged even prior to the order making him a party, there was no error, as to the purported trustee, in sustaining a plea setting up such facts, nor in dismissing the action.

3. Under the provisions of the act creating the city court of Carrollton (Ga. L. 1897, p. 438, § 14), where no demand for a jury is made in writing at the appearance term, the presiding judge is empowered to try the issues of fact in civil cases without the intervention of a jury. Although it is recited in the bill of exceptions that a jury had been duly stricken, it does not appear that any demand for a jury had been made in the terms of the act, and it can not be held that the trial judge erred in passing upon the issues formed by the plea, without the verdict of a jury.

4. The court did not err in overruling the motion for a continuance.

DECIDED NOVEMBER 19, 1925.

Complaint; from city court of Carrollton—Judge Hood. March 10, 1925.

*C. A. Christian, S. Holderness,* for plaintiff.

*Boykin & Boykin,* for defendant.

BELL, J. W. S. Cobb brought a suit on contract in the city court of Carrollton against R. A. Jolley. The case has been before this court on two previous occasions. See 26 *Ga. App.* 123 (105 S. E. 630), 30 *Ga. App.* 48 (116 S. E. 553). Pending the suit the plaintiff was adjudicated a bankrupt, and W. T. Hargrett Jr. was appointed trustee in bankruptcy. At the March term, 1925, of the trial court, the following order was passed, making Hargrett as such trustee a party plaintiff: "W. S. Cobb, the plaintiff in the above-stated matter, having been adjudicated a bankrupt, and W. T. Hargrett Jr. having been appointed and qualified as trustee

of said bankrupt, upon motion of plaintiff's counsel said W. T. Hargrett Jr. is made party plaintiff in said matter." The defendant's counsel thereupon filed a special plea, referred to in the briefs in this court as a plea in abatement, admitting that Cobb had been adjudicated a bankrupt, but denying that Hargrett is now "the acting qualified trustee," and alleging that the bankrupt estate "has been fully administered and closed," and "that the trustee has [been] discharged, and there is no trustee . . . nor qualified party plaintiff to this case, and therefore the case should be dismissed and the plea sustained." This plea was "allowed" by the presiding judge, over the objection of counsel for plaintiff that it set forth no defense and showed no reason for the abatement of the suit. The defendant's counsel submitted documentary evidence showing, without dispute, that Hargrett had been discharged as trustee in bankruptcy on July 25, 1923, before the order had been passed making him a party to the case. Counsel for plaintiff stated in his place that he had not known until that moment that the trustee in bankruptcy was discharged, and moved for a continuance in order that he might procure the appointment of a new trustee to prosecute the action. The court overruled the motion to continue, and rendered a judgment sustaining the plea and dismissing the suit. Exceptions have been brought by "W. T. Hargrett, trustee of W. S. Cobb," as plaintiff in error, complaining of these rulings. There are no exceptions by W. S. Cobb, the original plaintiff. The judge certified the bill of exceptions in the usual form, and afterwards made a supplementary certificate, which the defendant in error contends contradicted the first certificate. Because of this alleged contradiction the defendant in error has moved to dismiss the bill of exceptions.

1. There is no merit in the motion to dismiss the bill of exceptions. See *Stilwell* v. *Watkins,* 135 *Ga.* 149 (2) (68 S. E. 1114); *Usher* v. *Harrelson,* 13 *Ga. App.* 118 (1) (78 S. E. 852).

2. First, we will assume that the order making the alleged trustee a party plaintiff not only did not in terms strike the original plaintiff, but could not be construed as impliedly having such effect, and, therefore, that Hargrett as trustee was not substituted in lieu of Cobb, the original suitor, but was brought in as an additional party plaintiff. In this view, it was probably error to allow the plea or to dismiss the suit, since Cobb continued to be

a plaintiff notwithstanding the trustee was joined as plaintiff with him. "A trustee in bankruptcy may, but need not, intervene as plaintiff in a suit brought by the bankrupt before the adjudication in bankruptcy. If no trustee is appointed, or if the bankrupt court does not consider it to the interest of the estate to permit the trustee to prosecute the suit previously brought by the bankrupt, the action does not thereby abate, nor is the bankrupt's debtor discharged from liability in the pending action. . . If the failure to elect or appoint a trustee in bankruptcy in any way injured the rights of creditors, it did not discharge the bankrupt's debtor." *Griffin* v. *Mutual Life Ins. Co.,* 119 *Ga.* 664 (1, 2, 5) (46 S. E. 870). See also *Gate City Cotton Mills* v. *Cherokee Mills,* 128 *Ga.* 170 (3) (57 S. E. 320) ; *Miller* v. *Smith,* 136 *Ga.* 117 (1) (70 S. E. 887) ; *Maner* v. *Clark-Stewart Co.,* 33 *Ga. App.* 424 (126 S. E. 871). The fact that the trustee had been discharged was a good and sufficient reason for stopping or dismissing the suit as to him, but would not have afforded cause for a general order of dismissal, affecting also the original plaintiff Cobb, who had never been stricken. We conclude, therefore, that the action taken by the court, while perhaps wrong as to the original plaintiff, was right as to the new and additional plaintiff who was made a party in the purported capacity of trustee. The right of the latter to proceed in the case was denied by the plea, and was conclusively negatived by the evidence in support thereof. If the rulings of the court had been excepted to by Cobb, a very different case would have been presented, but since we are of the opinion that the case was properly disposed of in so far as Hargrett, or Hargrett as trustee, is concerned, and since he is the only person complaining, an affirmance of the judgment of the lower court seems to be the only logical result. After Hargrett's commission was terminated by the court which had appointed him, he had no authority to come into the case as a party thereto, and, so far as he was concerned, there was no error in striking him as a party or in dismissing the case as to him as soon as it appeared that he was not trustee at the time of the order making him a party, and that such order had been inadvertently granted. See *Roberts* v. *Kite,* 33 *Ga. App.* 91 (125 S. E. 719). If the proper construction of the order making Hargrett a party should not be as we have assumed it to be, but if, on the other hand, the

effect of such order was to entirely eliminate Cobb as a party plaintiff and to substitute Hargrett as trustee in his stead, it was then proper to hold that there was no party plaintiff, when it appeared that the trustee had been discharged before the passing of the order making him a party, and in that case the suit was properly dismissed for want of a party plaintiff.

3. But the plaintiff in error insists that the court erred in sustaining the plea and dismissing the suit without the verdict of a jury (a jury having been selected), even though such verdict might have been directed. The bill of exceptions recites that "Plaintiff in error insists that while this [the certified copy of the discharge of Hargrett as trustee which was in evidence], as a matter of law, would have sustained the plea, yet the same was a question for the jury, and the court should have directed the jury to return a verdict, instead of passing an order sustaining the plea and dismissing the case without the intervention of a jury, a jury qualified to try such case having been stricken."

Section 14 of the act approved August 21, 1897, creating the city court of Carrollton (Ga. L. 1897, p. 438) provides that "The judge of said city court shall have the power and authority to hear and determine all civil cases in said city court, and render judgment therein, without a jury; *provided,* that either party shall be entitled to a trial by jury upon entering a demand therefor in writing on or before the call of the appearance docket at the appearance term, when by law he is entitled to a jury trial." Although the bill of exceptions shows that a jury had been stricken, it does not appear that any demand for a trial by jury was made within the terms of the act creating the court, nor, therefore, that the court committed error in disposing of the issue without the intervention of a jury. *Twine* v. *Slaton,* 17 *Ga. App.* 691 (3) (87 S. E. 1096).

4. There was no error in overruling the motion for a continuance. Even though the attorney for the plaintiff in error had not known of the discharge of the trustee, the trustee himself presumably knew thereof, and it is only in his behalf that the motion appears to have been made; at least no other person is excepting to the overruling of the motion. And, furthermore, since it indisputably appears that he had ceased to be the trustee at the time the motion for continuance was made, it was of no concern to

him whether the case should be continued in order that another might be appointed, or that he might be reappointed, for the purpose of prosecuting the suit. It was not suggested that the evidence to the effect that he had been discharged could possibly be refuted, and the motion to continue does not appear to have been made for that purpose.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*