CLARKE, warden, *v.* COBB.

No. 14424. MARCH 10, 1943. REHEARING DENIED MARCH 24, 1943.

*Lindley W. Camp,* for plaintiff in error.

*H. W. McLarty* and *Paul Crutchfield,* contra.

GRICE, Justice. In order for the applicant for the writ of habeas corpus to prevail, it must appear that his detention is illegal. His imprisonment being under a sentence of a court, after a finding of guilty on a criminal charge, he must show that the judgment of conviction was void. His insistence is that his contention must be sustained, for two reasons. First, that he was not given a trial by jury. Second, that he was tried without having an attorney to represent him. There is not even a suggestion in the record that he requested either; and therefore there was no

express refusal to permit his guilt or innocence to be passed upon by a jury of his peers, or a refusal to allow him the benefit of counsel. In the absence of a request for either, we are to determine whether his conviction is void because the court did not force him to be tried by a jury, and whether the failure of the court, under the undisputed facts of this record, to appoint counsel to represent him, rendered his trial and conviction void.

■ There is ample provision in the law relating to the practice and procedure in the criminal court of Fulton County for a trial by jury when one is demanded. See *Welborne* v. *Donaldson,* 115 *Ga.* 563 (41 S. E. 999) ; Ga. L. 1935, p. 498; Ga. L. 1890-91, p. 935, sections 7, 12, 15; Ga. L. 1871, p. 57. It is in section 33 of the act last referred to provided that "The proceedings after accusation shall conform to the rules governing in the superior court, except there shall be no jury trial unless demanded by the accused," etc. In the absence of such a demand, the judge, as required by the act, became the trior of fact on the issue made by the plea of not guilty. A defendant in a misdemeanor case can waive trial by jury. "There is no reason why a prisoner in a case of this kind should not have the right to be tried by a conscientious and intelligent judge, if he prefers it, as well as the right to be tried by a jury." *Logan* v. *State,* 86 *Ga.* 266 (12 S. E. 406). The converse of this proposition was ruled in *Taffe* v. *State,* 90 *Ga.* 459 (16 S. E. 204). The act creating the city court of Floyd County declares that "the trial of all issues of fact in said court shall be by the court without a jury, except where either party in a civil case or the defendant in a criminal case shall in writing demand a trial by jury;" and that "the failure to file such demand at or before the beginning of the trial shall be a waiver of said right." Acts 1882-3, pp. 535, 538. The record in the *Taffe* case, shows that the accused was tried by the court with a jury, although none was demanded; and of this he complained. This court ruled that since it did not appear that before judgment he made any objection to this mode of trial, he waived it. In *Wadkins* v. *State,* 127 *Ga.* 45 (56 S. E. 74), this court, on the motion of the accused, granted him a new trial because the judge compelled him to be tried by a jury, instead of by the judge. For further Georgia cases sustaining the view that under the facts of this record, the defendant failing to avail himself of the opportunity to have a jury

trial, his constitutional rights were not invaded, see the following, and the authorities cited and discussed therein: *Pelham Manufacturing Co.* v. *Powell,* 8 *Ga. App.* 38 (68 S. E. 519); *Wiggins* v. *State,* 17 *Ga. App.* 748 (88 S. E. 411); *Twine* v. *Slaton,* 17 *Ga. App.* 691 (87 S. E. 1096); *Owen* v. *Stevenson,* 18 *Ga. App.* 391 (89 S. E. 435); *Hargrett* v. *Jolley,* 34 *Ga. App.* 662 (130 S. E. 602); *Murray* v. *State,* 35 *Ga. App.* 168 (132 S. E. 395); *Waterman* v. *Glisson,* 115 *Ga.* 773 (42 S. E. 95); *Heard* v. *Kennedy,* 116 *Ga.* 36 (42 S. E. 509); *Miller* v. *Georgia Railroad Bank,* 120 *Ga.* 17 (47 S. E. 525); *Terry* v. *Drew,* 143 *Ga.* 473 (85 S. E. 314); *Crowell* v. *Akin,* 152 *Ga.* 126 (108 S. E. 791, 19 A. L. R. 50). The general rule is in accord with the foregoing. See 35 C. J. 216; 31 Am. Jur. 578. The Supreme Court of the United States has said the constitutional right to a jury trial may be waived by proceeding to trial without demanding a jury. Duignan *v.* United States, 274 U. S. 195 (47 Sup. Ct. 566, 71 L. ed. 996).

■ It is next to be considered whether the petitioner was entitled to his discharge on the ground that he had been denied his constitutional right to the benefit of counsel. If such right was denied him, or even if it has been unduly abridged, this court will not refuse to give effect to the remedies that are available to him. See *Walker* v. *State,* 194 *Ga.* 727 (22 S. E. 2d, 462).

The criminal court of Fulton County has jurisdiction of misdemeanor cases only. The misdemeanor charge on which the petitioner was tried was that of operating a lottery, to wit, a "number game." He was arrested on July 6, 1942. On the next day he made bond for his appearance, and remained at liberty thereunder, and was at liberty when placed on trial. He was able to pay his bondsman a fee or charge of fifty dollars for arranging his bond. He is fifty-six years old. He has had steady employment at the same place for twenty-five years, and, so far as it is shown, is still so employed. His counsel in his brief interprets his testimony as showing that "he can read and write a little bit." He came into court with his bondsman, and they had some conversation relating to his trial. This did not relate, however, to any desire for counsel. Therefore the case is not one in which a 'mere child or an ignorant pauper was rushed from prison to the court-room and was placed on trial in denial of his right to have the benefit of counsel.

In *Walker* v. *State,* supra, it was held that under the showing there made, the prisoner, being in jail, charged with murder, was deprived of the opportunity to procure counsel of his own choice, the judge overruling his motion to postpone the trial so as to permit him to communicate with his family in order to procure counsel; and therefore the rights guaranteed to him with respect to the benefit of counsel were denied him. No such case as that is here presented. In *Elam* v. *Rowland,* 194 *Ga.* 58 (20 S. E. 2d, 572), Elam had pleaded guilty to a felony charge, and was sentenced to the penitentiary for a period of years, as well as having pleaded guilty to a misdemeanor charge. He applied for his discharge on habeas corpus on the ground that he had been deprived of the benefit of counsel. This court, recognizing his right to counsel, nevertheless ruled that it might be waived, and that it had been waived in that case. Nothing there supports the position of the petitioner in the instant case. In the opinion in that case, however, authorities are cited which negative the claim asserted by him.

In the instant case the petitioner was not forced to go to trial without counsel; he did not ask for counsel; he was not denied the opportunity to procure counsel; nothing done by the trial court forbade his securing counsel or obtaining the benefit thereof. Hence there was no denial, or even an abridgment, of any right secured to him by the constitution of this State, and that of the United States. In this respect the principle laid down by the Court of Appeals in *Gallin* v. *State,* 17 *Ga. App.* 406 (87 S. E. 151), is applicable, to wit: "The right and privilege of one accused of crime to be defended by counsel is not denied by a mere failure of the court to assign counsel, when it does not appear that counsel is wanted. If the accused has means to employ counsel and is out upon bond, and has opportunity to secure counsel, and neglects or refuses to. do so, the court is under no obligation or duty to appoint counsel to represent him." Nothing decided in Johnson *v.* Zerbst, 304 U. S. 458 (58 Sup. Ct. 1019, 82 L. ed. 1461), constrains us to the contrary. This and related questions were considered in Betts *v.* Brady, 316 U. S. 455 (62 Sup. Ct. 1252, 86 L. ed. 1116), and what is here ruled is in accordance with what was decided in that case.

The applicant did not allege or contend, and does not now con-

tend, either that he was unable to employ counsel, or that he was ignorant of his right to counsel; and under the pleadings and the evidence a finding in favor of neither proposition would have been authorized. The court erred in discharging him.

*Judgment reversed. All the Justices concur.*