## 30660. Scott v. The State.

MacIntyre, J. The defendant was convicted in the criminal court of Fulton County of a misdemeanor, in that he "did engage in and sell as a retail dealer, distilled spirits and alcohol, without first obtaining a license from the State Revenue Commissioner;" and on the hearing of the certiorari in the superior court it appeared from the answer of the trial judge that "when the case was called for trial, the defendant did not request the court to appoint a lawyer, or state that he did not have the money with which to employ a lawyer, and did not state at any time during the trial or before trial that he wanted a lawyer and had no money to employ one. Respondent states that the defendant in this case was arrested, charged with the offense for which he was tried, on the 6th day of February, 1944; that immediately upon being arrested, he gave bond in the sum of $500, which was approved on February 6, 1944; and that under such bond the defendant was released from custody and was at liberty from that date until the date of the trial, and he was at liberty under such bond at the time the case was called for trial." *Held:*

(a) That the following language in *Clark* v. *Cobb,* 195 *Ga.* 633, 640 (24 S. E. 2d, 782), to wit: "That the petitioner was not forced to go to trial without counsel; he did not ask for counsel; he was not denied the opportunity to procure counsel; nothing done by the trial court forbade his securing counsel or obtaining the benefit thereof. Hence there was no denial, or even an abridgment, of any right secured to him by the constitution of this State, and that of the United States," is applicable in the instant case.

(b) Accordingly, it does not appear that the defendant was denied benefit of counsel.

(c) The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*

Decided December 5, 1944.

*John F. Echols,* for plaintiff in error.

*Lindley W. Camp, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye,* contra.