STANFORD *v.* THE STATE.

174

No. 15478.   July 5, 1946.   Rehearing denied July 16, 1946.

*W. K. Miller,* for plaintiff in error.

*Eugene Cook, Attorney-General, George Hains, Solicitor-General, F. Frederick Kennedy,* and *Daniel Duke, Assistant Attorney-General,* contra.

BELL, Chief Justice. ■ The allegations of fact in the first special ground of the motion for a new trial were approved only in part by the trial judge. In the view we take of the case, we may treat this ground as being valid to the extent that it was approved, without deciding whether it was destroyed in its entirety by the

judge's order. See *Jordan* v. *State,* 153 *Ga.* 167 (111 S. E. 417) ; *Hatcher* v. *State,* 176 *Ga.* 454 (4) (168 S. E. 278).

The facts set forth in that ground, so far as they were approved or verified by the trial judge, do not show an abuse of discretion in refusing to continue the case in order to allow attorneys appointed to represent the accused additional time to prepare for the trial. Three attorneys were appointed, two on October 17 and one on October 18; and the case was called for trial on October 25. While it appears that one of these attorneys was sick for two or three days during this period, and also that he had to defend another murder case on October 24, the judge did not abuse his discretion in overruling the motion for a continuance, so far as the mere question of time is concerned. *Charlon* v. *State,* 106 *Ga.* 400 (2) (32 S. E. 347) ; *Kelloy* v. *State,* 151 *Ga.* 551 (107 S. E. 488) ; *Ivey* v. *State,* 154 *Ga.* 63 (1-2) (113 S. E. 175) ; *Cannady* v. *State,* 190 *Ga.* 227 (9 S. E. 2d, 241) ; *Smith* v. *State,* 198 *Ga.* 849 (2) (33 S. E. 2d, 338).

But it is contended in the same ground of the motion for a new trial that, when the judge overruled such motion for a continuance, he thereby denied the defendant his right to be defended by employed counsel of his own choice or selection. No one could properly say that the defendant did not have the right under both the State and Federal Constitutions, but it does not appear that he was prevented in any manner from exercising it, had he desired to do so. Compare *Andrews* v. *State,* 196 *Ga.* 84 (1), 94 (26 S. E. 2d, 263). Manifestly, he was not deprived of it merely because the judge was informed by the solicitor-general that "apparently he wasn't going to get a lawyer," and the judge then appointed attorneys to represent him. Nor are there any other facts to show interference therewith. If the defendant had desired to employ other counsel, or had wished additional time to see if he might arrange to do so, he could have so informed the court, and if he had done this, a very different situation would have been presented. However, he proceeded with the trial, impliedly accepting the services of the attorneys that were appointed for him, and later, in his motion for a new trial, gave the first hint that he desired other counsel. As indicated above, the legal contentions made in this .ground of the motion depend on the facts set forth in the judge's statement, and these facts do not support the contention as to de-

nial of the right to employ counsel. The mere existence of the right would not affect the validity of the defendant's conviction, for there must be a denial of it or the equivalent of such denial before he can complain. *Clarke* v. *Cobb*, 195 *Ga.* 633 (2) (24 S. E. 2d, 782); *Fowler* v. *Grimes*, 198 *Ga.* 84 (31 S. E. 2d, 174).

The case differs on its facts from *Walker* v. *State*, 194 *Ga.* 727 (2) (22 S. E. 2d, 462), where the accused made known to the court, at the time the case was called for trial, that he wanted his people to get him a lawyer.

The solicitor-general, in opposing the motion for a continuance, used the expression, "We appointed." Considering the entire record, it can not be assumed from this statement that the solicitor-general instead of the judge exercised such prerogative.

█ The second special ground complains that the court erred in refusing to declare a mistrial because a deputy sheriff, while testifying, referred to a theft of shotgun shells and stated "he admitted it." As soon as this testimony was given, counsel for the defendant objected to it and moved to rule it out, and also moved for a mistrial, on the ground that it put the defendant's character in issue. Thereupon the judge stated: "I rule that out. Just disregard that statement, gentlemen of the jury." The fact that the judge did not also declare a mistrial is not cause for a reversal. *Withrow* v. *State*, 136 *Ga.* 337 (3) (71 S. E. 139); *Wells* v. *State*, 194 *Ga.* 70 (4) (20 S. E. 2d, 580); *Tye* v. *State*, 198 *Ga.* 262 (4) (31 S. E. 2d, 471); *Eden* v. *State*, 43 *Ga. App.* 414 (159 S. E. 134); *Harrison* v. *State*, 60 *Ga. App.* 610 (3) (4 S. E. 2d, 602).

█ In his third special ground, the movant complains because the court allowed the jury to remain in the courtroom and hear preliminary evidence as to whether a confession was freely and voluntarily made. The judge at first acceded to a request to have the jury excused from the courtroom pending the introduction of such evidence, but on being further informed as to the purpose of the request, he recalled the jury and allowed them to hear the evidence. The judge had a discretion as to whether he would allow such preliminary examination to be conducted in their presence, and the evidence being sufficient to show that the confession was freely and voluntarily made, the course which the judge adopted affords the defendant no cause for complaint. *Holsenbake* v. *State*, 45 *Ga.* 43 (2); *Woolfolk* v. *State*, 81 *Ga.* 551 (7) (8 S. E. 724);

*Fletcher* v. *State,* 90 *Ga.* 468 (17 S. E. 100) ; *Weaver* v. *Carter,* 101 *Ga.* 206, 210 (28 S. E. 869) ; *Griner* v. *State,* 121 *Ga.* 614 (3) (49 S. E. 700) ; *Adams* v. *State,* 129 *Ga.* 248, 251 (58 S. E. 822, 17 L. R. A. (N. S.) 468, 12 Ann. Cas. 158) ; *Morris* v. *State,* 200 *Ga.* 471 (37 S. E. 2d, 345).

■ In the fourth special ground, the movant complained of an excerpt from the charge of the court defining an accomplice and stating that, if the jury believed Matthew Jones was an accomplice of the defendant, they would not be authorized to convict the defendant on the uncorroborated testimony of an accomplice; but that, if they did not believe from the evidence along with the prisoner's statement that the person named was an accomplice, this rule of law would not apply. The entire excerpt complained of has been set forth in the statement of facts together with the assignments of error made thereon. The charge was not erroneous for any reason urged.

The evidence authorized the verdict, and it was not error to refuse a new trial. *Judgment affirmed. All the Justices concur.*