IN THE

# Supreme Court of Georgia,

## AT ATLANTA.

---

## OCTOBER TERM, 1887.

---

PRESENT—L. E. BLECKLEY, . . . . . . . . CHIEF JUSTICE.
         M. H. BLANDFORD, . . . . . . . . ASSOCIATE "
         T. J. SIMMONS, . . . . . . . . . ASSOCIATE "

---

LARK *et al.*, executors, *vs.* CHEATHAM.

In order to make a mutual account, there must be indebtedness on both sides; and in the absence of evidence of such mutual dealings and indebtedness, mere entries of credits of partial payments made on a debt evidenced by open account will not make it such a mutual account as will prevent the statute of limitations from beginning to run until the date of the last item thereof. Where the first item of an account was dated in 1867, and the last in 1882, and it appeared that at the end of each year the creditor struck a balance, after allowing credit for payments made during that year; and computed interest thereon from that time, this did not constitute a mutual account, and the statute of limitations barred all of it, except that portion which became due within four years before the commencement of an action thereon.

March 2, 1888.

Mutual accounts. Statute of limitations. Before Judge BOWER. Calhoun superior court. June term, 1887.

On November 20, 1883, Cheatham filed a suit on an open account against Lark *et al.*, executors of Hodnett.

v 80-1

This account included two parts, first, an account against Hodnett, made up of accounts for several years, beginning with 1867 and terminating with 1882. In each year, credits (if any) were allowed for such payments as were made, and an annual balance was made and carried forward as a balance, and a new account made the next year, and so on. In 1876, a general footing up or settlement was had and the account in evidence states the amount due at that time, and then begins again with the new charges in 1878. The second branch of the account was against a firm of Hodnett & Perryman.

The defendants pleaded the general issue, the statute of limitations as to all charges more than four years before the suit, payment, and accord and satisfaction.

The case was referred to an auditor, who found for the plaintiff as to both accounts, with interest compounded. Defendants filed the following exceptions to this report:

(1) The plaintiff was allowed to testify by the auditor, over objection on the ground that Hodnett, the other party to the cause of action, was dead.

(2) The auditor held that no part of the account was barred by the statute of limitations, but that it was a case of mutual accounts, and the statute ran only from the date of the last item. There was no evidence of mutual dealings, except the entries on plaintiff's account of credits by cash, accounts against certain persons, allowances for overpayments, a wagon, etc.

(3) The auditor held that the statute did not run from the several periods at which balances were struck, and from which they were carried forward as balances.

(4) The finding is contrary to evidence and without evidence to support it. If there was any balance not barred by the statute of limitations, it was satisfied by a payment of $80, which was not credited on the account, but which the evidence showed.

The case was submitted to the presiding judge without a jury. He struck out the finding against defendants of

the firm account, and the compound interest, but overruled the other exceptions and rendered judgment against the defendants for the balance of the claim. Defendants excepted.

J. J. BECK and D. A. VASON, by J. H. LUMPKIN, for plaintiffs in error.

C. B. WOOTEN and ARTHUR HOOD, contra.

BLANDFORD, Justice.

This was an action upon an account, brought by Cheatham against the executors of Hodnett, deceased. The defendants pleaded payment, and accord and satisfaction, and the statute of limitations. The court referred the case to an auditor, who found in favor of Cheatham the full amount of the account, together with compound interest thereon. Exceptions to this ruling of the auditor were taken, and the matter was referred to the judge of the superior court without the intervention of a jury; and the court overruled the exceptions and affirmed the report except as to an item of $140, and except as to the compound interest contained in the amount found by the auditor. To this judgment the defendants excepted.

The record shows that in 1867, Cheatham sold to Hodnett certain drugs, and at the end of the year a balance was struck and interest computed from that time by Cheatham. The account ran on until a short time before the death of Hodnett, in 1882, and at the end of each consecutive year the balance was struck and interest computed. It appears that Cheatham himself considered the account due at the end of each year. There is no evidence in the record to show any mutual dealings between Hodnett and Cheatham; at no time does it appear that Cheatham ever became the debtor of Hodnett, but Hodnett was always the debtor of Cheatham. In order to make a mutual account there must be indebtedness on both sides.

There are certain credits upon the account, but they appear as payments; and it is manifest that if Hodnett had brought an action against Cheatham for the money which he had paid Cheatham as payments on this account, he could not recover. Cheatham was not indebted to him; he had received this money from Hodnett as payments. So we think that the court erred in holding that this was a mutual account and that the statute of limitations did not apply to any part of it. We are of the opinion that the statute of limitations applies to the whole of this account, except that portion which became due within four years before the commencement of this action.

Judgment reversed.