Action for penalty.    Before Judge GAMBLE.    Washington superior court.    March term, 1894.

GUSTIN, GUERRY & HALL, for plaintiff in error.

HARRIS & RAWLINGS, HINES & HALE and FELDER & DAVIS, *contra*.

---

## LISEUR *v.* HITSON.

SIMMONS, C. J.—The plaintiff's action being upon an open account for money loaned, and it appearing upon the face of the declaration that the suit was not brought until after the lapse of more than four years from the time the loan became due and payable, a demurrer setting up that the case was barred by the statute of limitations was properly sustained. The mere making of a partial payment on the account and entering the same as a credit thereon did not make a case of mutual dealings between the parties or constitute a new point from which the statute of limitations would begin to run. *Ford* v. *Clark*, 72 *Ga.* 760; *Lark* v. *Cheatham*, 80 *Ga.* 1.                                    *Judgment affirmed.*

November 12, 1894.

Complaint.    Before Judge VAN EPPS.    City court of Atlanta.    May term, 1894.

The petition was filed on October 2, 1893.    It alleged: Hitson owes petitioner $450 besides interest.    He married her sister, and petitioner, being a widow, went to his place to live in 1880, and remained there until 1887, as one of the family.    In 1881 defendant, knowing that she had money, proposed to her to build two houses on certain property he had, at a cost of $300, and he would use the rent of one of the houses and she could take the other.    Accordingly she let him have $300 at one time, $100 at another, and $30 at another.    He built the two houses, and up to June, 1887, she collected the rent of one of them and he of the other, the rent of each being $4 per month.    In June, 1887, his wife died. Petitioner still resided with him until November, 1887, when he married again, and then required her to leave.

Shortly before the death of her sister, defendant, over petitioner's objection, forced her to collect the rent of a house belonging to him, and use that instead of the rent of one of the two houses above mentioned. This she continued to do until July or August, 1889, when he would not allow her to collect any more rent, and refused to pay her anything for the money she had let him have. In the latter part of 1889, or first part of 1890, he told her he would give her $100, that if she refused to accept that she would get nothing; and forced her to take $50, but never paid her any more. It was understood that the money she had allowed him to put into the two houses should be paid back to her when she left his house, and the other $130 was also to be paid then; but he has only paid her in all $50, and she did not accept this amount, but he just threw it down and left it, and she has only treated it as a part payment on her claim against him.

R. J. JORDAN, for plaintiff.
BLALOCK & ROAN, for defendant.

---

TANNER v. THE MUTUAL BENEFIT BUILDING ASSOCIATION.

ATKINSON, J.—1. While the head of a family to whom a homestead has been set apart has no power to "waive homestead" so as to subject the homestead estate to the payment of debts for which it would not be otherwise liable, the mere insertion of such waiver in a promissory note made by the head of the family does not invalidate the note and render the same void as being contrary to the policy of the law.

2. Inasmuch as it appears from an inspection of the record that the judgment in this case was excessive to the extent of six dollars and ten cents, direction is given that this excess be written off, and that thereupon the judgment stand affirmed.

November 26, 1894.          *Judgment affirmed, with direction.*

Complaint on note. Before Judge VAN EPPS. City court of Atlanta. July term, 1894.