BIRD *v.* CHANDLER.

HILL, J. 1. The petition set forth a cause of action, and the court did not err in overruling the general demurrer.

2. It was not error to overrule the grounds of special demurrer to paragraphs 10 and 21 of the petition.

3. In *Lark* v. *Cheatham*, 80 *Ga.* 1 (5 S. E. 290), it was held: "In order to make a mutual account, there must be indebtedness on both sides; and in the absence of evidence of such mutual dealings and indebtedness, mere entries of credits of partial payments made on a debt evidenced by open account will not make it such a mutual account as will prevent the statute of limitations from beginning to run until the date of the last item thereof." The principle thus stated was sub-

sequently embodied in the Code of 1895, which was adopted by the legislature and became binding as a statute, and has been brought forward in the Code of 1910 (§ 4363). See also *Reid* v. *Wilson*, 109 *Ga.* 424 (4) (34 S. E. 608). Under application of the principle above stated, a plea containing a statement of an account by the defendant against the plaintiff, which did not allege that the credit therein extended was on the strength or basis of credit extended by the plaintiff to the defendant, when considered with reference to the allegations. of the petition, which contained a statement of account in favor of the plaintiff against the defendant, and which did not allege that the credit extended by the plaintiff was on the strength of mutual dealings between the parties, was insufficient to set up such mutual account as to which the statute of limitations would not begin to run until the date of the last item; and the court did not err in striking so much of the plea as related to items in the account of the defendant against the plaintiff, that were furnished more than four years prior to the filing of the suit, on the ground that such items were barred by the statute of limitations. The suit was an equitable suit for specific performance, accounting, and other equitable relief. The petition alleged that the plaintiff had executed to the defendant a promissory note for a stated amount, and that she had made certain payments thereon at different times by delivery of certain articles of stated values; and prayed for an accounting to ascertain the balance due on the note and for other equitable relief. The defendant's answer as amended set up that the plaintiff, in addition to the amount specified in the note, was indebted to him upon certain items of account including supplies of various kinds, and taxes for the years 1918 to 1926, inclusive, and prayed to be allowed to recover the amount of such items.

4. The amendment to the plea seeking to recover for items of indebtedness from the plaintiff to the defendant that had been incurred more than four years before institution of the suit having been properly stricken, the court did not err in rejecting evidence offered to prove the item of indebtedness so stricken.

5. The court charged the jury: "Sallie Chandler claims and contends before you that all she owed B. F. Bird at that time was the amount expressed in the consideration of the deed from M. E. O'Neal to B. F. Bird, with interest thereon at seven per cent. from the date of the deed, and that the difference between that amount, between the principal amount as expressed in this deed, to wit," etc. This charge was not error, as contended, on the grounds that the plaintiff admitted having executed the note for $735, that she could read and write, and said note bore interest at eight per cent. per annum, and not seven per cent. as charged by the court; that this charge was hurtful in that there was no dispute between the parties as to the rate of interest which the note bore, and the note itself shows that the interest charged was 8 per cent. and not 7 per cent. as charged by the court; that petitioner in her original petition and prayers for accounting made no contention as to the rate of interest being 7 per cent., and that the court should have charged that the jury in calculating interest on the note would figure interest at the rate of 8 per cent. per annum; that said charge is not in keeping with the pleadings and evidence, in that neither the plead-

ings nor the evidence of the plaintiff contended that the interest was for 7 per cent.

6. The defendant excepted to the following charge: "If you find that there was no rescission, answer what amount of principal and interest is now due, if any, on the note for the principal sum of $735, after allowing any payments made by Sallie Chandler, with interest at seven per cent. from date of payment, and deduct any amount owing by her with interest at seven per cent. from date of payment." The grounds of exception were that it was contrary to the pleadings and evidence in said case, it being undisputed on the part of the plaintiff that the note would carry a rate of eight per cent. per annum, and said interest being for eight per cent., and the plaintiff having made no claim for reduction of said rate either in her prayers of the petition or in' the evidence; that said instruction was harmful in that the jury, in employing said rate of seven per cent. instead of eight per cent., found for the defendant Bird a considerable sum less in their accounting than the defendant was entitled to under the pleadings and evidence in said case. In connection with the above-quoted charge the judge instructed the jury as follows: "The notes bear interest at eight per cent. You will first have to figure the principal of the note at eight per cent. and then apply thereto the payment, but you must determine how much the principal part of the note must be reduced, because of the indebtedness of A. C. Chandler, the husband of Sallie Chandler." When considered in connection with its context as above indicated, the charge of the court excepted to is not cause for reversal for the reasons stated.

7. The testimony of Bird authorized the judge to instruct the jury: "It appears that B. F. Bird has worked the land some years, independent of the house and garden."

8. The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

<em>Judgment affirmed. All the Justices concur.</em>

No. 6277. August 16, 1928.

Equitable petition. Before Judge Custer. Decatur superior court. September 15, 1927.

*M. L. Ledford* and *John R. Wilson,* for plaintiff in error.

*J. C. Hale,* contra.