### 26570. ROBINSON, executor, *v.* JACKSON *et al.*

DECIDED MARCH 5, 1938.

*S. Holderness Jr., J. J. Reese,* for plaintiff.

*A. B. Taylor,* for defendants.

STEPHENS, P. J. This is a suit, as appears from the petition as amended and exhibits attached, to recover the purchase-price of goods sold on open account by one merchant to another. There appears no mutual account between the parties. The suit is to recover of the defendants the unpaid purchase-price of goods furnished to them. It appears from the invoices of the goods sold, attached as exhibits to the petition as amended, that some of the goods were sold on terms that were "cash," and some were sold on ten, thirty, and sixty days' time. According to the terms as indi-

cated in all of the invoices the indebtedness had been past due more than four years prior to the institution of the suit. Code, § 3-706. The suit is therefore barred by the statute of limitations unless it appears from other allegations in the petition that the running of the statute was prevented. Code, § 3-706. It is alleged in the petition as amended that the "merchandise was sold to the defendants on time or credit, and they were allowed to make practically their own terms about the payment, and they were seldom paid for several months after they were incurred." The defendants' demurrer on the ground that the plaintiff's cause of action was barred by the statute of limitations, was sustained, and the plaintiff excepted.

The plaintiff contends that the accounts were between merchants, and concerned the trade of merchandise, and that this prevented the running of the statute of limitations. The plaintiff relies on the following contained in the case of *Morris* v. *Root,* 65 *Ga.* 686 (2) : "Open accounts are barred after four years from the time when the right of action accrues. Accounts between merchant and merchant which concern the trade of merchandise, have been made an exception to the rule, and to this have been added mutual accounts between others than merchants." This language is not to be construed as holding that where one merchant sells goods to another, although the sale might be pursuant to their conducting the trade of merchandise, but where there is no mutuality of accounts between them, the statute of limitations never runs. Code, § 3-707. Where, as in the case at bar, goods are sold under express contracts for cash payments or payments on time as ten, thirty, or sixty days, payments become due on the date stated in the contract, and where a suit to recover is brought more than four years after these dates, the plaintiff's right of action is barred by the statute of limitations. The allegations in the petition as amended that the goods were sold to the defendants "on time or credit, and they were allowed to make practically their own terms about the payment," and that payments were seldom made for several months "after they were incurred," is vague and indefinite and fails to indicate any fixed time or agreement for payment against which the statute of limitations could run. It is an allegation merely to the effect that after the payments had become due, as appears from the terms contained in

the invoices, the plaintiff indulged the defendants for several months in the payments of the accounts.

It appears from the petition that the plaintiff's right of action was barred by the statute of limitations, and the court did not err in sustaining the defendants' demurrer on this ground.

*Judgment affirmed.* *Sutton and Felton, JJ., concur.*