## 49847. WILLIAMS v. LEIDE ASSOCIATES.

STOLZ, Judge.

Leide Associates sued C. E. Williams for the balance due on an account which was annexed to the complaint. The plaintiff is the assignee of the account; the defendant is a building contractor and real estate developer. The account in question covers a period of time from May 7, 1963 through December 19, 1969, on which date a $2 charge was made on policy No. 252904, adding an additional automobile. Prior to that entry, the last charge was made on July 3, 1969. The suit in question was filed on October 11, 1973, more than four years from the July 3, 1973 charge, but less than four years from the $2 charge made on December 19, 1969. The evidence further shows that all entries were credited or debited to the entire indebtedness on account No. 87-956588.

The issue before us is whether the accumulated amount alleged to be due and attributable to charges prior to October 11, 1969 (four years prior to the filing of the suit, i.e., the entire account except the aforesaid $2), is an open account and barred by the statute of limitation (Code § 3-706), or is an account of mutual indebtedness, wherein the four-year statute begins to run only from the last item on the account (Code § 3-707) (in this case, December 19, 1969, when the aforesaid $2 charge was made).

The defendant appeals from the denial of his partial motion for summary judgment, which would apply the bar of the statute of limitation to the entire account except the aforesaid $2. *Held:*

"In order to make a mutual account, there must be indebtedness on both sides; and in the absence of evidence of such mutual dealings and indebtedness, mere entries of credits of partial payments made on a debt evidenced by open account will not make it such a mutual account as will prevent the statute of limitations from beginning to run until the date of the last item thereof." *Lark v. Cheatham,* 80 Ga. 1 (5 SE 290); Code § 3-707. For cases exemplifying the above rule see *Liseur v. Hitson,* 95 Ga. 527 (20 SE 498); *Bird v. Chandler,* 166 Ga. 707 (144 SE 265); *Shutt & Co. v. Andrews,* 47 Ga. App. 530 (171 SE 219); *Robinson v. Jackson,* 57 Ga. App. 431 (195 SE 877);

and *Yeargin v. Bramblett,* 115 Ga. App. 862 (156 SE2d 97).

The record is utterly silent as to any mutual dealings or indebtedness on both sides. In response to the defendant's requests for admission, the plaintiff admitted "(t)hat the account attached as 'Exhibit A' to the complaint . . . was an open running account with the defendant . . ." and also admitted that, where the account showed "CR," this referred to credits due the defendant for "partial payments on the account, cancellation of insurance coverage, transfer of policy coverage, adjustments after audit of policy premiums, and return of premiums, etc." The plaintiff also admitted that "[t]he last item on each [page of the account] designated as 'Pay this Amount' refer to the accumulated amount owed by the defendant on open running account which represents the balance carried forward from year to year."

The evidence conclusively shows the existence of an "open account." There is no evidence from which it can be inferred that a "mutual account" existed between the parties. The trial judge erred in denying the defendant's partial motion for summary judgment.

*Judgment reversed. Deen, P. J., and Marshall, J., concur.*

SUBMITTED NOVEMBER 7, 1974 — DECIDED DECEMBER 4, 1974.

*McConaughey & Hinchey, Dan E. McConaughey, John W. Hinchey,* for appellant.
*Douglas C. Lauderdale, Jr.,* for appellee.