## 60935. VANGUARD INSURANCE AGENCY & REAL ESTATE COMPANY, INC. v. WALKER.

POPE, Judge.

Appellant brought this action against appellee on May 22, 1979 to recover principal, interest and service charges "on an open account." Appellee countered that the action was barred by the statute of limitation and moved to dismiss. The trial court, treating the motion as one for summary judgment, found "no evidence of any transaction within four years of the filing of the complaint and the action being an open account, the complaint is barred by the statute of limitation." We reverse.

Appellant submitted an affidavit in opposition to appellee's motion which stated that the policies of insurance from which appellee's account balance arose were necessitated by appellee's operations as a contractor and builder. Appellant would write and issue insurance coverage for appellee and as independent agent would have insurance companies issue policies to appellee. In many instances appellant would pay the premiums on these policies to said companies and appellee would later reimburse appellant. Upon cancellation of certain policies, appellant would become indebted to appellee for the return premium which appellant would receive directly from the companies. Appellant asserted that in many instances new policies were written and paid for by appellant based on the expectation of the receipt of the return premiums which were received or to be received from the issuing insurance company. Upon the receipt of the return premium from the issuing insurance company, the return premium would at times be applied to the account balance, at other times be used to acquire new insurance for appellee on new or substitute policies, and at times be paid directly to appellee. The application of these return premiums was based on the timing of appellee's insurance needs. At certain times, appellant stated that it paid return premiums directly to appellee when at the same time appellee owed sums on the account balance to appellant

and that credit was extended to appellee in part on the fact that sums were due to appellee from appellant. Notwithstanding the allegation of an "open account" in its complaint, appellant urges on appeal the existence of a "mutual account" between the parties based on the foregoing affidavit.

" 'In order to make a mutual account, there must be indebtedness on both sides; and in the absence of evidence of such mutual dealings and indebtedness, mere entries of credits of partial payments made on a debt evidenced by open account will not make it such a mutual account as will prevent the statute of limitations from beginning to run until the date of the last item thereof.' *Lark v. Cheatham,* 80 Ga. 1 (5 SE 290) [(1887)]; Code § 3-707." *Williams v. Leide Assoc.,* 133 Ga. App. 454 (211 SE2d 407) (1974). See generally *Gunn v. Gunn,* 74 Ga. 555 (1885). In response to appellee's interrogatories, appellant provided a computer print-out which detailed the activity in appellee's account. This activity report, when viewed in light of appellant's affidavit, showed " 'partial payments on the account, cancellation of insurance coverage . . . adjustments after audit of policy premiums, and return of premiums, etc.' " *Williams v. Leide Assoc.,* supra at 455. "The evidence conclusively show[ed] the existence of an 'open account.' There is no evidence from which it [could have been ] inferred that a 'mutual account' existed between the parties." *Id.* at 455. Therefore, the trial court properly concluded that the action was on an open account.

Nevertheless, since the activity report showed transactions which occurred within four years of the filing of this action (Code § 3-706), the trial court erred in granting summary judgment as to those transactions.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

DECIDED MARCH 10, 1981.

*Walter C. Alford,* for appellant.
*Robert P. Wilson,* for appellee.