## WARD v. STEWART & WARD.

1. Treating the declaration as an action on the original accounts between the parties, it was insufficient for lack of a bill of particulars.
2. Whether it was on these accounts or not, the whole of it was not barred.
3. In the absence of a demurrer for insufficient allegations with reference to a promise or undertaking to pay, the declaration was good, treated as an action on an account stated.

Argued December 16, 1897. — Decided January 10, 1898.

Complaint. Before Judge Candler. Clayton superior court. March term, 1897.

To the petition of J. T. Ward against Stewart & Ward the defendants demurred, and moved to dismiss it, upon the grounds that no bill of particulars or itemized account was attached to the petition, as required by law, and that the contract upon which the suit was based was void and barred by lapse of time. The court sustained the demurrer and dismissed the case, and the plaintiff excepted. The petition was filed August 15, 1896. It alleged: On September 1, 1886, the defendants, a firm doing a mercantile business, contracted with the plaintiff to work in the store as a clerk, and agreed to pay him $25 per month, or $300 per annum. In pursuance of this contract, he went to work for them on that day, and continued to so work until December 1, 1893. During the period from September 1, 1886, to December 1, 1893, he lent the firm money, and let them have cotton to the amount of $390.13. "During the year 1886 to December, 1893," his account with the firm, for himself and his hands working on his farm, amounted to $1,928.80. The agreement and understanding between him and the firm was that for his wages he was to have credit, and also for the money and cotton, and to be charged with what goods and money he received from them; and thus the accounts were mutual, he working for them as above set forth, and letting them have "what spare money and cotton," until December 1, 1893, and they letting him have goods and some money up to December 25, 1893. On a settlement in December, 1893, his work amounted to $2,175. He had loaned them money and cotton to the amount of $616.88,

making a total sum of $2,791.88; and after taking off his account from September 1, 1886, to December 25, 1893, it left a balance in his favor of $783.08, which the firm is justly due and owing him, with interest from December 1, 1893, and which they refuse to pay.

*Watterson & Kimsey* and *Abbott, Cox & Abbott*, for plaintiff. *G. D. Stewart* and *W. M. Wright*, for defendants.

LEWIS, J. 1. Treating this petition of the plaintiff as a suit upon the original account between him and the defendants, it was defective for want of a bill of particulars. So far as the cause of action for his services as clerk is concerned, it is set forth with sufficient particularity in the body of the declaration; and where this is done, it is useless to add any further bill of particulars. But as to the balance of the account for cotton and money he let the defendants have, this should certainly have been more explicitly set forth in a bill of particulars; and, as a suit upon an open account between the parties, the petition was demurrable upon this ground. We do not mean to say, however, that the suit should have been dismissed, or any part of the petition stricken, on this ground, even if this were a case requiring a bill of particulars. The penalty attached by the rule of the superior court for a failure to annex a bill of particulars is, that "the plaintiff shall lose a term; and if service of said bill of particulars is not effected upon the defendant by the succeeding term, a nonsuit shall be awarded." Civil Code, § 5642. The rule seems to contemplate that where objection is made by the defendant at the appearance term of the case, on account of a lack of a bill of particulars, if sustained by the judge, it would be his duty to order service of such bill perfected by the next term of court, which would then become really the appearance term as to the defendant; and if still lacking at the second term, the case would, on motion of the defendant, be dismissed. If defendant made no motion on account of such defect, this would be equivalent to a waiver of the plaintiff's omission. In this case the demurrer was filed at the appearance term, but a hearing thereon was not had until the following term. The

defendant had the right to have his demurrer ruled upon at the first term. If he did not insist upon its disposition then, the same rights, and no more, are his when it is heard. We therefore think the better practice would have been for the court to have given the plaintiff the right to amend his petition by annexing thereto a bill of particulars, before dismissing his case. This amendment might have been required instanter, as it was then the second term of the court, and the defendants would have been entitled to a continuance. In this way the same result would have been accomplished as would have followed a ruling on the demurrer at the appearance term, and the spirit of the rule would have been observed.

2. Whether this suit was on original accounts between the parties or not, it should not have been dismissed on the ground of a bar by the statute of limitations. A portion of the cause of action declared upon accrued within four years before the filing of the declaration. Unquestionably this part of the account was not barred. Besides, there are such allegations of mutual dealings between the parties as perhaps save the entire claim from the statutory bar.

3. But we think this declaration is good as an action on an account stated, in the absence of a demurrer for insufficient allegations with reference to a promise or undertaking to pay. The petition sets forth in general terms the nature of the mutual dealings between the parties, the amounts of their respective accounts, an agreement by the defendants to give plaintiff credit for his wages, cotton and money on his store account; and that on a settlement in December, 1893, there was a balance in his favor of $783.08, which defendants refused to pay. "An account stated is an agreement between persons who have had previous transactions, fixing the amount due in respect of such transactions, and promising payment." A declaration founded on such a cause of action is sufficient, though it is general in its allegations of the particulars, and no bill of particulars need be filed. 1 Enc. Pl. & Pr. pp. 87–89. It is true that one necessary element in this cause of action is a promise by defendants to pay; and no allegation of such promise is made. But there was no demurrer to the peti-

tion on this account; and had there been, it would have been open to an amendment to meet such an objection.

For these reasons we conclude that the court erred in sustaining the demurrer and dismissing the petition, and the judgment is therefore reversed.

*Judgment reversed.    All the Justices concurring.*