### 1900. BORDERS *v.* GAY.

There was no error in refusing to charge the jury the proposition embodied in the written request, as it was unsound in principle and wholly inapplicable to the issues in the case. No other assignment of error is insisted upon, and the court did not err in refusing a new trial.

Foreclosure of lien, from city court of LaGrange—Judge Harwell. April 14, 1909.

Submitted June 28,—Decided October 5, 1909.

*M. U. Mooty,* for plaintiff.

*W. R. Campbell, E. T. Moon,* for defendant.

RUSSELL, J. Gay was a cropper of Borders, and, at the end of the year, claimed a balance due for labor, and was proceeding to foreclose a laborer's lien for this balance claimed. The landlord filed counter-affidavit and bond, and set up by way of recoupment an account for supplies furnished the laborer during the year. Relating to the issue thus made, there was evidence authorizing a finding either way. The jury found in favor of the laborer, and the landlord excepts to the overruling of his motion for a new trial.

It is conceded that the judgment should be affirmed unless the court erred in refusing to charge as follows: "I charge that if C. T. Gay went over the account as charged here in the bill of particulars, with S. E. Borders, and raised no objection to the account as herein charged, that the account then became in law a stated account. I further charge you, objection to a stated account must surcharge and falsify. The former is to allege omission; the latter is to deny the correctness of the items rendered." Borders, in testifying to the correctness of the account submitted by him, stated: "I went over this account with Mr. Gay in the office at my stable. He did not object to any part of it, except I had charged him too much for the grinding-stone." Gay denied that he went over the account with Borders, and stated that he started to go over it with him, and that after a few items had been examined, a dispute arose as to the charge for the grinding-stone and that Borders closed up the book and refused to allow him further to examine the account.

Under this evidence the judge properly refused to give the charge requested. There is no evidence in the record that Gay went over the account and made no objection to it, for, under the evidence of the landlord himself, Gay did make objection. The charge was not applicable to the evidence. Furthermore it is an incorrect statement of the legal principle referred to in section 3994 of the Civil Code, upon which the request was based. It is not a proper definition of an "account stated" to say that if the parties went over the account together and one of them raised no objection to it, it then became in law an "account stated." An account stated is an agreement between persons who have had previous transactions, fixing the amount due in respect to such transactions, and promising payment of the balance. While in some cases the jury might be authorized to infer that the failure of the party to raise objection was an implied agreement on his part that the account was correct, this inference is not demanded as a matter of law. The written request would have instructed the jury, as a matter of law, that the failure to object was equivalent to an express agreement that the account was correct. See, on the subject generally, 1 Words & Phrases, 95; *Ward v Stewart,* 103 *Ga.* 262 (29 S. E. 872). The reasons given are sufficient to show that the court did not err in refusing to charge as requested,

and it is unnecessary to consider other reasons why the principle sought to be embodied in the request was not applicable to the issues involved in the case on trial.

*Judgment affirmed.*