MOORE v. HENDRIX & HODGES.

1. The evidence in this case did not authorize a verdict in favor of the plaintiffs, as based on an "account stated."

(a) "An account stated is an agreement between persons who have had previous transactions, fixing the amount due in respect of such transactions, and promising payment."

2. Rule 10 of the superior courts (Civil Code of 1910, § 6269), which provides that in certain cases when a bill of particulars is not annexed to the declaration the plaintiff shall lose a term, and if service of the bill of particulars is not made upon the defendant by the succeeding term a nonsuit shall be awarded, is superseded by the pleading act of 1893 (Civil Code of 1910, § 5628), which provides that objections to petitions shall be made by demurrer at the first term of court.

(a) Accordingly, where a bill of particulars was demanded by the answer of the defendant to be attached to a suit on an account at the first term of court to which the petition was filed, and the plaintiffs amended the petition by declaring on an *account stated,* it was not error, after several intervening terms of court, to overrule a motion to nonsuit the plaintiffs on the ground that no bill of particulars had been attached.

(b) No demurrer was filed as such at the first term of court, calling for a bill of particulars; but if the demand in the answer were treated as such, the plaintiffs could amend the petition to meet the objection.

3. Where on the trial of a suit on an open account the defendant demanded a bill of particulars, and the plaintiffs so amended the petition as to declare on an "account stated" for the same amount, instead of on an "open account," such amendment was not open to the sole objection that it set up a new and distinct cause of action.

                    FEBRUARY 15, 1916.

Complaint. Before Judge Sheppard. Tattnall superior court. October 2, 1914.

*Way & Burkhalter,* for plaintiff in error.

*P. M. Anderson* and *Robert E. DeLoach,* contra.

HILL, J. Hendrix & Hodges brought suit to the January term, 1913, of the superior court, against J. P. Moore, on an open account. At the appearance term the defendant filed his answer demanding a bill of particulars of the account sued on. He also denied each and every material allegation of the petition. By amendment, at the same term, he pleaded a partial failure of consideration of the account sued on, which was for the building of a storehouse, and the furnishing of certain materials used in the building. The defendant also tendered to the plaintiffs the sum of $150, which he alleged was just and adequate in settlement of all he was due them. When the case was called for trial at the April term, 1914, the defendant "made a motion in the nature of a nonsuit to dismiss plaintiffs' action, because no bill of particulars was attached thereto." It appears from the record that at the appearance term, on January 11, 1913, the defendant filed a written demand for a bill of particulars of the account sued on. It further appears that no bill of particulars had been attached to the petition or furnished to the defendant as demanded, and that several terms of court had intervened since the filing of the written demand for the bill of particulars. To meet the motion of the defendant, the plaintiffs offered an amendment (which was allowed over objection on April 10, 1914) striking the words "an" and "open" and inserting in lieu thereof the words "a balance due on a stated account," so that the clause as amended would read: "a balance due and stated on an account." The defendant objected to the amendment, on the grounds, among others, that it was offered too late, several terms of court having intervened since the demand was made for a bill of particulars in writing; that the amendment changed the cause of action from an "open account" to a "stated account," and, if allowed, would add a new and distinct cause of action; and that the amendment failed to show definitely whether the plaintiffs were suing on an open account or upon an account stated. The defendant excepted pendente lite to the overruling of the objections and to the allowance of the amendment.

1. The case was tried apparently on the theory that the suit

was upon an "open account," and not upon an "account stated." Much evidence was offered to support the account as based on the former theory, and of a partial failure of consideration, tender, etc.; and the charge of the court was predicated (except the first sentence where it merely stated that "this is a suit brought on an account stated by Hendrix & Hodges . . against J. P. Moore, for material furnished and labor done in the construction of a certain building"), not on an "account stated," but as if a bill of particulars had been attached. The court nowhere charged the jury as to what constituted an account stated; in fact there was no evidence to authorize a finding that there was an account stated and due. As the case is to go back for another hearing, we think the court should instruct the jury, if the pleadings are the same, and *if the evidence authorizes it,* as to what constitutes an account stated. This court has said that "an account stated is an agreement between persons who have had previous transactions, fixing the amount due in respect of such transactions, and promising payment." *Ward* v. *Stewart,* 103 *Ga.* 260 (3), 262 (29 S. E. 872). See also 2 Bates' Pl. Pr. Part. and Forms, 876 (4); 1 Words & Phrases, 93; 1 Bouvier's Law Dict. (Rawle's 3d ed.) 109. And if that is the sole issue, the evidence should be confined to it, and not to the issue as on an open account, which was eliminated by plaintiffs' amendment. There is no evidence in the present record authorizing the plaintiffs to recover a verdict on an account stated; and the judgment must be reversed for that reason. On direct examination Mr. Hodges, for the plaintiffs, testified: "I have presented Colonel Moore with a statement of the balance due on his contract. I went to him with the account and wanted the money. I went to him on two or three different occasions. The first time I went to him on Saturday, and he told me he would arrange it Monday," etc. But on cross-examination he testified: "Me and Mr. Moore didn't come to any settlement and decide on how much was due. I tried to get him to make me an offer, and after a while he says, 'I believe I will give you $200,' and I told him I couldn't take that." Hence it will be seen that the evidence does not come up to the definition of an "account stated;" and this being the only issue under the pleadings, and the extent of the evidence on that issue being as above set out, the verdict for the plaintiffs was unauthorized. No de-

murrer was filed as such at the first term, calling for a bill of particulars, but if the demand of the defendant in his answer be treated as such, the plaintiffs could amend the petition to meet the objection.

2. The defendant predicated his motion for nonsuit on rule 10 of the superior courts (Civil Code of 1910, § 6269), which provides that "In actions of assumpsit for the recovery of unliquidated demands, a bill of particulars shall be annexed to the copy served on the defendant; . . and when the bill of particulars is not annexed to the declaration, the plaintiff shall lose a term; and if service of said bill of particulars is not effected upon the defendant by the succeeding term, a nonsuit shall be awarded." But we do not think this rule is applicable. It was superseded by what is known as the Neel pleading act of 1893, now embodied in the Civil Code of 1910, § 5628. That act provides that the proper way to make objection to petitions is by demurrer at the first term, so that the court can decide whether the objection is good. In the present case a demurrer could have been filed at the first term, so that the court could have decided whether a bill of particulars was necessary, and, if so, to have allowed time within which to amend, and, on failure to do so, to have dismissed the case. See, in this connection, *Reed* v. *Equitable Trust Co.*, 115 *Ga.* 780 (42 S. E. 102). Prior to the act of 1893, above referred to, the rule of the superior court was that one must attach a bill of particulars, and the failure to do so subjected the plaintiff to the loss of a term, and possibly to a nonsuit. But the codifiers of 1895 placed in that code the provision that: "In suits on account a bill of particulars should be attached" (Code of 1895, § 4963); and this was brought forward into the Code of 1910, § 5541. But a failure to attach a bill of particulars will not subject the plaintiff to a nonsuit at the instance of the defendant, under the pleading act; and the proper way to raise the question is by special demurrer at the first term, which was not done in the present case. If we treat the demand for a bill of particulars as being made in the proper way and at the proper time, the plaintiffs could amend to meet the objection. But the court did not err in overruling the motion to nonsuit, based on rule 10 of the superior court.

3. The plaintiffs amended the petition by declaring on an

*account stated* instead of on an *open account.* No objection is made to the form of the amendment, and the only contention is that it sets up a new and distinct cause of action. As against this objection, we think the court was right in overruling the motion to dismiss the case on the ground that the amendment set up a new and distinct cause of action. The foundation of the suit was the same in either case, the only difference being that in a suit on an open account, where a bill of particulars is asked and allowed, each item of the account must be proved if the whole account is disputed; whereas in a suit on an account stated the plaintiff can not recover on proof of separate items of an open account, unless the pleadings are so framed as to allege that the plaintiff does not rely solely on the account stated. 1 Corpus Juris, § 397. See also § 395. *Judgment reversed. All the Justices concur.*