### 8330.  SHORES-MUELLER COMPANY *v.* BELL *et al.*

The court did not err in the ruling upon the demurrer to the answer, nor in overruling the motion for a new trial.

DECIDED NOVEMBER 2, 1917.

Complaint; from Gordon superior court—Judge Fite. December 11, 1916.

On or about June 14, 1910, the plaintiff, Shores-Mueller Company, entered into an agreement with A. J. Bell as principal, and P. C. Bell, J. H. Littlefield, and W. A. Tate as guarantors, whereby it was agreed that the plaintiff was to furnish to the principal such medicines, extracts, spices, and other goods as he might from time to time order; the principal agreeing to pay for such articles, and having the right, under the agreement, "to pay his said account by remitting in cash each week to the company an amount equal to one half of the receipts from his business until the account is balanced." There were other provisions of the contract, including one requiring the purchaser to furnish to the company weekly reports of his business. This suit was brought on May 4, 1915, as on an "account stated," and in the petition it was alleged: "that on the 5th day of November, 1912, the said A. J. Bell acknowledged his indebtedness in the said amount of $617.86 in the following manner, to wit: 'Auditing department, Shores-Mueller Company, Tripoli, Iowa. Gentlemen: I hereby acknowledge receipt of your monthly statement of my account, dated 11-5-12, for month of October, 1912, showing a balance due to

Shores-Mueller Company of $617.86, . . which is true and correct and agrees with my books.'" It was also shown by the petition that after November 5, 1912, the defendant A. J. Bell returned certain articles included in his purchases, and was entitled to a credit of $264.93 for them, leaving a balance due the plaintiff of $415.40. In his answer he admitted the execution of the contract, and denied the allegations contained in that paragraph of the petition which set up the acknowledgment of indebtedness, but did not deny the correctness of the account sued on, as to the balance due for articles furnished, except that he denied all indebtedness to the plaintiff, alleging a failure of consideration under the contract, in that the goods furnished were themselves worthless. The guarantors disputed their liability and denied generally the allegations of the several paragraphs of the petition; one of the guarantors, P. C. Bell, also pleading specially that her contract of guaranty was void because of the fact that she was a married woman and therefore, at the time she signed the agreement, was unable legally to bind herself thereby. The plaintiff demurred to the answer of A. J. Bell, on the ground "that the suit filed in this case is a suit based on an account stated, which operates as a confession, and a fixed liability, and there are no facts alleged in said plea which would as a matter of law entitle defendant to such relief . . as is sought to be made in and by said plea." The demurrer was overruled, and on the trial a verdict was returned for the defendants. The plaintiff excepted to the overruling of its demurrer and of its motion for a new trial.

*J. G. B. Erwin Jr.,* for plaintiff.

*Lang & Lang, George A. Coffee,* for defendants.

JENKINS, J. (After stating the foregoing facts.)

1. We think the demurrer to the defendants' answer was properly overruled. An "account stated" is an agreement by which parties who have had previous transactions fix the amount due in respect thereto, and promise payment. *Moore* v. *Hendrix,* 144 *Ga.* 646, 648 (87 S. E. 915); *Borders* v. *Gay,* 6 *Ga. App.* 734 (65 S. E. 788). While the quoted letter to the plaintiff from the defendant principal, A. J. Bell, certainly undertakes to fix the amount due in respect to the items of their previous transactions, it lacks one of the necessary requirements in order to constitute an "account stated," in that it fails to embrace a promise to pay. It was held

in the case of *Ward* v. *Stewart,* 103 *Ga.* 261 (3) (29 S. E. 872), that "In the absence of a demurrer for insufficient allegations with reference to a promise or undertaking to pay, the declaration was good, treated as an action on an account stated." This is true because, as stated in that case, had such objection been made, the petition would have been open to amendment to meet the objection. In the absence of such objection a promise to pay will be implied. We can see how there should be a distinction, however, where, as in the instant case, the petition not only fails to allege the necessary promise to pay, but, by embodying the written agreement relied on, shows within itself that no such promise was in fact made. In a case, where the requirements of an action on a stated account are met, the defendant, in order to dispute the correctness of the amount so alleged to be due, would have to surcharge and falsify (Civil Code (1910), § 4591) ; that is, he must allege the omissions and deny the correctness of the items rendered. In this way he is permitted to inquire into and dispute the items which enter into and make up the amount claimed under the account stated whenever he is able to show that fraud, accident, or mistake occasioned the acquiescence on his part. In the instant case the defendant sets up no such defense; he does not deny the furnishing of the articles which are the basis of the account, nor does he claim any credit not allowed. He simply seeks to show that the articles so furnished proved worthless, and pleads failure of consideration under the contract. The Supreme Court and this court have ruled in substance a number of times that where a purchaser, notwithstanding his full actual knowledge of the defects in the articles sold to him, deliberately promises in writing to pay therefor, he can not thereafter set up a plea of failure of consideration based upon such defects. *Harder* v. *Carter,* 97 *Ga.* 273 (23 S. E. 82) ; *Lunsford* v. *Malsby,* 101 *Ga.* 39 (28 S. E. 496) ; *Byrd* v. *Campbell Co.,* 90 *Ga.* 542 (16 S. E. 267) ; *Sizemore* v. *Woolard,* 3 *Ga. App.* 261 (2) (59 S. E. 833) ; *American Car Co.* v. *Atlanta City Railway Co.,* 100 *Ga.* 254 (28 S. E. 40) ; *Unitype Co.* v. *Skelton,* 11 *Ga. App.* 742 (76 S. E. 80). Had the agreement relied on as constituting an account stated in fact contained the necessary promise to pay, we think, under the theory just indicated, the defendant would have been denied the right of setting up such defects, provided the evidence disclosed that knowledge of such defects was had

by the defendant at the time such promise in writing was made. But even had such a promise been made, the evidence in this case as to such knowledge is altogether vague and uncertain, and fails to make clear that such defects in the particular articles which constituted the basis of the present suit were known to the defendant at the time the statement relied on was actually signed.

2.   Under the special facts of the case it does not appear that there was error in the admission of the testimony complained of in the 4th ground of the motion for a new trial. While the testimony objected to in the 5th ground was irrelevant and immaterial, it could not have harmed the plaintiff's cause, and its admission, therefore, affords no ground for reversal.

3.   The charge of the court as to the defendant P. C. Bell, complained of in the 6th ground of the motion for a new trial, was not error. While, under the terms of the contract, acceptance was provided for by the plaintiff at its home office in Iowa, and while as a rule a contract is considered as entered into at the place where the acceptance is made, still, no statute of the State of Iowa having been pleaded, it is presumed that the common law is of force and must govern, and under it the defense actually set up by Mrs. Bell, that her contract of guaranty did not bind her, was good.

4.   The excerpts from the charge, complained of in the 7th and 8th grounds of the motion for a new trial, if taken by themselves and disconnected from their context, and especially that portion of the charge immediately following, might seem to have confused the method of payment with the defendant's liability under the contract; still we think that the charge as a whole makes it clear that the defendant's liability was not thus improperly limited, and we do not think that the jury could have been misled thereby.

5.   The evidence authorized the verdict, and the court did not err in refusing the grant of a new trial.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*