### 14575.  HEYWARD *v.* RAMSEY.

The demurrer on the ground that the allegations of the petition "do not show how the alleged account is either a stated account or an agreed account" should have been sustained; and the error in overruling the demurrer rendered the further proceedings nugatory.

DECIDED OCTOBER 3, 1923.  ADHERED TO ON REHEARING, JANUARY 17, 1924.
MOTION FOR REHEARING DENIED FEBRUARY 25, 1924.

Complaint; from Habersham superior court—Judge J. B. Jones. March 5, 1923.

Ramsey's petition alleges: "Par. 1. That B. C. Heyward is indebted to your petitioner in the sum of two hundred and fifty dollars, besides interest, which indebtedness is due upon an account stated and agreed to by said Heyward.  A copy of said account is hereto attached and made part and parcel of this petition and this paragraph and marked Exhibit A.—Par. 2. That said account became due and payable August 1, 1921, and has drawn interest at the rate of seven per cent. per annum since the first day of August, 1921, and will continue to draw interest at the same rate until paid.—Par. 3.  That said B. C. Heyward fails and refuses to pay said account or any part thereof, after the same has been demanded.—Wherefore petitioner prays that process issue," etc.  Exhibit A is as follows: "B. C. Heyward in account with D. H. Ramsey.  1921, August 1st.  To services rendered, as per contract,

to said B. C. Heyward in assisting him in negotiating the trade in selling the Carmichael land Dr. L. G. Hardman. $250.00."

The grounds of the demurrer are: "1. That said petition sets forth no cause of action. 2. The facts contained in paragraph 1 of the said petition are specially demurred to for the reason that the allegations therein do not show how the alleged account is either a stated account or an agreed account. 3. That said petition does not show when the alleged services were rendered, how they were rendered, and what the result of the alleged services was. 4. That the said petition fails to show what the terms of the alleged contract mentioned in the alleged account were."

The court overruled the demurrer; the trial of the case resulted in a verdict against the defendant for $150 and interest; his motion for a new trial was overruled, and he excepted, assigning error on the rulings stated.

*Thad. L. Bynum,* for plaintiff in error.

*J. C. & H. E. Edwards,* contra.

BLOODWORTH, J. This is a suit upon an account stated. In *Ward* v. *Stewart,* 103 *Ga.* 260 (3), 262 (29 S. E. 872), it was held that "an account stated is an agreement between persons who have had previous transactions, fixing the amount due in respect of such transactions, and promising payment." See also, to the same effect, *Borders* v. *Gay,* 6 *Ga. App.* 735 (65 S. E. 788); *Shores-Mueller Co.* v. *Bell,* 21 *Ga. App.* 195 (1) (94 S. E. 83); *Moore* v. *Hendrix,* 144 *Ga.* 646 (1 a) (87 S. E. 915). Thus, it is apparent that the necessary elements of an "account stated" are previous transactions, the fixing of an amount due in respect to such transactions, and a promise to pay. It is true that the promise to pay may be either express or implied, and, therefore, in order for a petition to be held defective because of a failure to allege such a promise, the defect should be pointed out by a special demurrer. *Shores-Mueller Co.* v. *Bell,* supra. However, in the instant case none of the elements of an account stated were alleged, and the defendant specifically demurred to the petition on the ground "that the allegations therein do not show how the alleged account is either a stated account or an agreed account." It follows that the trial court erred in overruling the special demurrer, and this error rendered the further proceedings in the case nugatory.

(*a*) In view of the allegation in the petition, that the "indebtedness is due upon an account stated and agreed to" by the defendant, and the statement in the brief of counsel for the plaintiff in error that "this is a suit upon an account stated," and under all the allegations of the petition, we cannot hold that the suit is one upon an "open account" rather than an "account stated."

    *Judgment reversed. Broyles, C. J., and Luke, J., concur.*