## 20533. Brown *v.* Eaton-Saussy & Company.

Bell, J. 1. This being a suit in the city court of Brunswick, the trial judge would have had power and authority to hear and determine the case without a jury, since neither party demanded a jury trial (Ga. L. 1895, p. 374, § 14), but he was not absolutely required to do so, and since the trial was in fact before a jury, it was improper to direct a verdict in favor of either of the parties unless such verdict was demanded by the law and the evidence. *Central Railroad* v. *Gleason,* 69 *Ga.* 200 (3); *Hardy* v. *Boyer,* 7 *Ga. App.* 472 (2) (67 S. E. 205). The present case is distinguished from *Hargrett* v. *Jolly,* 34 *Ga. App.* 662 (3) (130 S. E. 602).

2. Exception to the direction of a verdict may be taken in a proper amendment to a motion for a new trial, and is not too late so long as the motion is pending and subject to amendment. In the instant case the motion was amended so as to assign error on the direction of the verdict, upon the ground that there were issues of fact which should have been submitted to the jury, and the present case is unlike the case of *Collins* v. *Collins,* 168 *Ga.* 269, 271 (147 S. E. 567), in which there was "no assignment of error in the motion for a new trial raising the point that the court erred in directing a verdict because there were questions of fact which should have been submitted to the jury," and "the only exception to the direction of the verdict [was] contained in the bill of exceptions."

3. "An account stated is an agreement between persons who have had previous transactions, fixing the amount due in respect of such transactions, and promising payment." *Ward* v. *Stewart,* 103 *Ga.* 260 (3), 262 (29 S. E. 872); *Moore* v. *Hendrix,* 144 *Ga.* 646, 648 (87 S. E. 915).

4. In a suit on an account for the value of services rendered for the defendant by the plaintiffs as auditors, without any agreement as to the value of such services or the amount to be paid, the fact that after the receipt of a statement of the account the defendant wrote to the plaintiffs about this and other matters, saying that he would send a certain amount for credit on his "personal bill in a few days," and did later mail a check for such purpose, stating that it was "on account," even if being sufficient to make a prima facie case in favor of the plaintiffs (*Field* v. *Reid,* 21 *Ga.* 314, 327), did not commit the defendant to the correctness of the account to the extent of preventing him from pleading and proving that the charge was excessive, in that the services were not worth the sum claimed. *Moore* v. *Hendrix,* supra; *Borders* v. *Gay,* 6 *Ga. App.* 734 (65 S. E. 788); *Georgia Granite Cor.* v. *Union Granite Co.,* 31 *Ga. App.* 261 (120 S. E. 547); *Walker* v. *Industrial Stores Co.,* 37 *Ga. App.* 448 (140 S. E. 519), and cit.

5. Questions of value are peculiarly for the determination of the jury where there is any data in evidence upon which they may legitimately exercise their "own knowledge and ideas." *Daniell* v. *McRee,* 31 *Ga. App.* 210 (120 S. E. 448), and cit.

6. The question of the value of the plaintiffs' services was one for de-

termination by the jury, and it was therefore error to direct a verdict in favor of the plaintiff for the full amount sued for.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 15, 1931.

*Krauss & Strong,* for plaintiff in error. *Conyers & Gowen,* contra.