## 26709. MURRAY v. LIGHTSEY.

DECIDED JUNE 24, 1938.

*Herbert W. Wilson, Harry M. Wilson,* for plaintiff.

*Joe Schreiber, G. Wilbur Sweat,* for defendant.

MacIntyre, J.    John M. Murray instituted suit against T. W. Lightsey on an account stated in the sum of $141.55. The defendant filed an answer, denying the indebtedness in the amount sued for, but admitting an indebtedness of "around $50," and further pleaded that regardless of the correct amount of the debt it was barred by the statute of limitations. At the trial, according to stipulation of counsel for both parties, "After the announcements in the case and in open court, it was agreed between counsel for plaintiff and defendant that there were only two issues to be determined, one being the question of the account stated and the correctness or incorrectness of said account, and the other being whether the statute of limitations had barred the action sued upon. It was further agreed that the issues on the plea of the statute of limitations and in the answer were to be tried together and at the same time. The evidence introduced made no issue as to the correctness of the amount in controversy. The evidence for the plaintiff showed that the amount was $141.55, and this testimony was not contradicted or denied. With the express consent of counsel for the plaintiff and defendant, this issue was withdrawn from the consideration of the jury, and the only issue submitted to the jury was that made by the plea of the defendant as to, the statute of limitations." The jury returned a verdict for the defendant, and the plaintiff excepted to the overruling of its motion for new trial.

The evidence for the defendant amply warranted a finding that the account was barred by the statute of limitations before his removal from the State. The theory of the case presented by counsel for the plaintiff is that the evidence showed and the defendant admitted the correctness of the account, which was sued on as a stated account; that the statute of limitations runs on an account stated only from the date it becomes stated; and that since the action was instituted within four years from the date the defendant agreed to the account, made a payment thereon, and promised to pay the balance, it was not barred. The plaintiff thus contends in effect that the defendant admitted himself out of court. We can not take this view. "An account stated is an agreement between persons who have had previous transactions, fixing the amount due in respect of such transactions, and promising payment." *Moore* v. *Hendrix*, 144 *Ga.* 646 (87 S. E. 915) ; *Ward* v. *Stewart*, 103 *Ga.* 260 (29 S. E. 872). In order to convert an

open account into an account stated, an oral agreement as to the amount and an oral promise to pay is sufficient. See *Taylor* v. *Stearns Coal Co.*, 44 *Ga. App.* 662 (162 S. E. 838) ; *Shores-Mueller Co.* v. *Bell*, 21 *Ga. App.* 194 (94 S. E. 83). The statute of limitations on an open account runs from the date it is due, and, unless a new point is provided by a written acknowledgment, will be barred in four years. Therefore it is apparent that an open account may become an account stated by acts which would not operate to begin the statute of limitations anew. It can not be said that the statute of limitations runs on an account stated only from the date it becomes stated. This is true in the sense only where the act which makes the account stated is sufficient under the provisions of our Code to begin the statute anew. In the present case there was merely a parol acknowledgment of the indebtedness, which, though sufficient to make the account stated as proved and admitted, was not sufficient to save the account from the running of the statute of limitations under the Code, § 3-901, requiring a writing. Nor was the mere partial payment sufficient. *Liseur* v. *Hitson*, 95 *Ga.* 527 (20 S. E. 498). Therefore the judge did not err in his charge to the jury.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*