27470. SINCLAIR REFINING COMPANY *v.* SCOTT.

DECIDED MAY 3, 1939.

*E. G. Barham, C. M. McClure, C. W. Brannon, H. P. Ragland,* for plaintiff.

*Owen & Gross, George G. Allen,* for defendant.

SUTTON, J. The Sinclair Refining Company sued W. H. Scott on account for a balance of $219.47. The defendant demurred on

the ground that the account was not complete and fully itemized. The plaintiff amended by substituting for the account sued on an itemized account marked exhibit A-1, and alleged that the plaintiff and the defendant, on November 13, 1929, entered into a contract whereby the defendant was employed to sell at retail the products of the plaintiff, and that this contract continued in force until it was terminated on May 1, 1934; that on November 6, 1934, the plaintiff and the defendant entered into an agreement in writing with reference to previous transactions, and agreed and fixed the amount due and owing by the defendant to the plaintiff in respect to such transactions at $285.58, which amount the defendant agreed and promised to pay as the balance of the said account stated, and attached a copy of said agreement as exhibit A-2; that certain payments had been made on the account stated, leaving a balance due thereon of $219.47, for which the plaintiff prayed judgment. The defendant demurred to the petition as amended, on the grounds (1) that the amendment set up a new cause of action, and (2) that the plaintiff's right of action was barred by the statute of limitations. The court sustained the demurrer on each ground, and dismissed the action. The exception is to that judgment.

■ The petition as amended declared on an account stated. "An account stated is an agreement between persons who have had previous transactions, fixing the amount due in respect of such transactions, and promising payment." *Ward* v. *Stewart*, 103 *Ga.* 260, 262 (29 S. E. 872); *Moore* v. *Hendrix*, 144 *Ga.* 646 (87 S. E. 915). The itemized statement of the account attached to the amendment as exhibit A-1 was the same as the one attached to the original petition, except that the dates of the different items were set out in the one attached to the amendment. It appeared from the dates thereof that the account was barred by the statute of limitations, but the amendment alleged that the parties, on November 6, 1934, had entered into a written agreement with reference to their previous transactions, whereby they fixed the amount due by the defendant to the plaintiff. This writing was addressed to the agent of the Sinclair Refining Company at Toccoa, Georgia, was signed by the defendant, and stated the amount owed by the defendant at that time. It was alleged in the amendment that the defendant was employed by the plaintiff under a retail agent's contract to sell the products of the plaintiff during the time that

the account in question was made; and the agreement evidencing the stated account referred to the account as "Retail Agent's Shortage Accounts," and recited that the amount owed by the defendant was for stock and equipment at a certain service station in Toccoa; and this was agreed to and acknowledged as being due by the defendant. "A new promise, in order to renew a right of action already barred, or to constitute a point from which the limitation shall commence running on a right of action not yet barred, shall be in writing, either in the party's own handwriting, or subscribed by him or some one authorized by him." Code, § 3-901. "A written acknowledgment of an existing liability is the equivalent of a new promise to pay, and constitutes a new point from which the statute of limitations begins to run." *Harrell* v. *Davis,* 108 *Ga.* 789 (2) (33 S. E. 852); *Lambert* v. *Doyle,* 117 *Ga.* 81 (2) (43 S. E. 416). Although an action to recover on a debt may be barred by the statute of limitations, the debt is not extinguished thereby. The limitation laws act only upon remedies, and do not extinguish rights. *Lane* v. *Newton,* 145 *Ga.* 810 (89 S. E. 1083); *Daniels* v. *Booker,* 23 *Ga. App.* 644 (4) (99 S. E. 228). The writing signed by the defendant, which was declared upon in the amendment in the case at bar, revived or extended his liability on the debt represented by the account. "A new promise shall revive or extend the original liability; it shall not create a new one." Code, § 3-904. A plaintiff may amend his petition by alleging a new promise to pay, made after the original debt or claim became barred. *Shumate* v. *Ryan,* 127 *Ga.* 118 (56 S. E. 103). It was held in *Moore* v. *Hendrix,* supra, that a suit on an account could be amended by declaring on a stated account. See also *Heyward* v. *Ramsey,* 35 *Ga. App.* 472 (134 S. E. 119). The plaintiff's amendment did not set up a new cause of action; nor was the right of action therein declared upon barred by the statute of limitations, as the suit was brought within four years from the date of the agreement declared upon.

It follows that the court erred in sustaining the defendant's demurrer and in dismissing the plaintiff's action.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*