27631. MUTUAL FURNITURE COMPANY *v.* MOORE.

DECIDED SEPTEMBER 22, 1939.

*Sam Adams Dorsey,* for plaintiff.
*H. C. Holbrook,* for defendant.

SUTTON, J. The Mutual Furniture Company sued Robert A. Moore, in a justice's court, for $94.50, a copy of the alleged indebtedness sued on being as follows:

"Coggins-Wright Furniture Co.

"155-57 Edgewood Avenue, S. E.   Phone Walnut 3838.

"Atlanta, Ga.   Oct. 10, 1935.

Name: Mr. Robert A. Moore.

Address: Doraville, Ga.   Mailing Address . . . . . . .

Sold by: . . . . . . . . . . . . . . . . . . . Terms

Shipping inst. . . . . . . . . . . . . . . . . . .

"Quantity   Pattern Finish.   Amount.   Fulton County, Georgia: This agreement witnesseth:   I/we have this day purchased from Coggins-Wright Furniture Company, hereinafter called vendor, the property listed below, receipt for which I/we hereby acknowledge, and agree that the rules, regulations, and conditions of vendor printed on the back of this contract shall govern this sale and bind the undersigned.

| | | |
|---|---|---|
| To Bal. Acc't to date. | | $94.50 |
| Balance sum of | Dollars | $ |

Upon the following terms $       rate of $       per 4 months, payable at office of vendor, 155-57 Edgewood Avenue, S. E., Atlanta, Ga., is to remain in Coggins-Wright Furniture Company until the purchase-price is fully paid.

"Witness my/our hand and seal this the 10th day of Oct., 1935.

Robert A. Moore L. S.

"Signed, sealed, and delivered in the presence of:

"C. L. Williford, Notary Public"

The defendant answered separately each paragraph of the petition, and denied that he was indebted to the plaintiff. A judgment was rendered in the justice's court for the plaintiff in the amount sued for. The defendant entered an appeal to the superior court, and at the trial there the plaintiff moved to dismiss the defendant's answer, which motion was overruled. The defendant tendered an amendment setting up that the account sued on had been settled and discharged by him, in that he, defendant, had a claim against the original owner, Wright-Coggins Furniture Company, the alleged transferor, for the use of defendant's car, and that before the alleged transfer of said account to the plaintiff the defendant and B. F. Coggins, president of said transferor company, agreed that the account sued on be canceled and settled in consideration of the claim of the defendant against said transferor, and at the time of the alleged transfer the account sued on had been paid and settled as aforesaid. The amendment was allowed over the plaintiff's objection, and the motion to dismiss the defendant's answer as amended was overruled, to all of which the plaintiff excepted pendente lite. Verdict and judgment in favor of the defendant were rendered. The exceptions are to the overruling of the plaintiff's motion for a new trial, to the refusal to strike the original answer, to the allowance of the amendment, and to the overruling of the motion to dismiss the answer as amended.

1. The plaintiff's contention that the suit was one upon an unconditional contract in writing can not be sustained. This instrument signed by Robert. A. Moore (which seems to have been on a blank form of contract used by Coggins-Wright Furniture Company for purchasers of goods to sign) was an acknowledgment that the balance of his account to that date was $94.50. This, at most, was only an account stated. "An account stated is an agreement between persons who have had previous transactions, fixing the amount due in respect of such transactions, and promising payment." *Ward* v. *Stewart,* 103 *Ga.* 260, 262 (3) (29 S. E. 872) ; *Moore* v. *Hendrix,* 144 *Ga.* 646 (87 S. E. 915) ; *Russell* v. *Wineburg,* 30 *Ga. App.* 319 (2) (117 S. E. 666) ; *Sinclair Refin-*

*ing Co.* v. *Scott,* 60 *Ga. App.* 76 (2 S. E. 2d, 755). Therefore the plaintiff's motion to dismiss the answer, on the ground that it constituted only a general denial to a suit upon an unconditional contract in writing, is without merit. As above stated, the defendant answered separately each paragraph of the petition, and denied any indebtedness, and by amendment set up that the account sued on had been paid and settled before the alleged transfer of the account to the plaintiff. "The defendant, in cases appealed from the justice's court to the superior court, shall reduce his defenses to writing before the case proceeds to trial in the superior court, provided he relies upon any plea or defense other than the general issue. Nothing contained in this section shall be construed to abridge his right to amend his pleadings as in other cases." Code, § 6-303. The answer as amended set up a legal defense, and the court did not err in allowing the amendment or in overruling the oral motion to dismiss the answer as amended. The cases of *Johnson* v. *Cobb,* 100 *Ga.* 139 (28 S. E. 72), and *Sloan* v. *Farmers &c. Bank,* 20 *Ga. App.* 123 (92 S. E. 893), cited and relied on by the plaintiff, are not applicable to the facts of this case.

2. The evidence of the defendant was to the effect that he had been employed by the Coggins-Wright Furniture Company for a number of years, and was working there when he signed the acknowledgment of his account to this company on October 10, 1935; that his said employment ended about a week or ten days thereafter; that during the last two years he was with the Coggins-Wright Furniture Company he used his automobile for the business of the company, and it agreed to pay him for the use of his car; that shortly after the acknowledgment of the account was signed by him (which was before Thanksgiving Day in November, 1935), he saw B. F. Coggins, president of the Coggins-Wright Furniture Company, and it was then agreed between them that the $94.50 account of the defendant was settled and discharged by what this company owed him for the use of his car for it during the last two years of his employment; that the defendant figured that the company owed him at least $150 for the use of his car, but they balanced accounts and settled at that time, which was several months before the alleged transfer to the plaintiff of the account sued on; that Coggins did not have with him the written

acknowledgment of the account at the time the settlement was made, but he agreed to mail it to the defendant, together with his written contract of employment with the company, which he failed to do. The plaintiff's exception to the admission of the defendant's testimony, on the ground that it varied and changed, by previous oral agreement, the terms of the written agreement sued on, is not good, for the reason assigned. The defendant testified that a settlement between him and the Coggins-Wright Furniture Company of the account sued on was had after his signing the acknowledgment of the account and before the alleged transfer of the account to the plaintiff. The settlement was not made previously to or contemporaneously with the signing of the acknowledgment of the account, but the settlement took place subsequently thereto. The admission of the defendant's testimony was not in violation of the Code, § 38-501, that "Parol contemporaneous evidence is inadmissible generally to contradict or vary the terms of a valid written instrument," or the principle of law enunciated in *Johnson* v. *Cobb*, supra, or *Sasser* v. *McGovern*, 11 *Ga. App.* 88 (74 S. E. 797), as contended by the plaintiff; and the court did not err in overruling the objection thereto. It further appeared from the record that the Coggins-Wright Furniture Company made a general transfer of all of its accounts to the Mutual Furniture Company on April 25, 1936. Counsel for the plaintiff testified that he could not remember whether the special assignment of the account sued on was made a few weeks or a few months after the general assignment, but it was dated back to the date of the general assignment, and the account sued on was the only account among those transferred from Coggins-Wright Furniture Company to the plaintiff, which he knew of, that was transferred by special assignment.

3. When the plaintiff complied with the court's ruling that it would have to prove the transfer of the account before it could be introduced in evidence, this waived the right to except to the ruling. *Poss* v. *Hardin*, 181 *Ga.* 519, 524 (182 S. E. 898). Furthermore, the plaintiff was not harmed by the ruling in this respect, as it did introduce evidence to prove its title, and this was not contradicted by the defendant.

4. The verdict in favor of the defendant was authorized by the evidence, and no error of law appears.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*