28548. BULLARD *v.* WESTERN WATERPROOFING COMPANY.

DECIDED NOVEMBER 14, 1940.

*Walker & Kilbride, W. A. Wojcik,* for plaintiff in error.
*Charles W. Bergman,* contra.

548

SUTTON, J. The Western Waterproofing Company sued Ralph G. Bullard in the civil court of Fulton County on an account stated for the principal sum of $139.68. The signed written acknowledgment:of the account was dated May 24, 1934, and stated that it was to be paid in seven monthly instalments running from July 1, 1934, to December 31, 1934. The defendant filed an answer in which it was alleged that he signed the paper sued on, and that he did so to make said amount an account stated between the plaintiff and the defendant; that he was induced to sign the account stated by the representations of the agent of the plaintiff that the plaintiff would pay to the defendant $112.50, representing salary earned in the service of the plaintiff from May 15, 1934, to June 1, 1934, and the further sum of $36, representing the cost of a trip to Montgomery made by the defendant for the plaintiff; and that these representations were made with a present intention not to perform them, and were made with the intention of deceiving the defendant and causing him to place his signature on the account stated, and were made falsely to deceive and defraud the defendant to his damage. The defendant amended his answer by alleging that he entered into a written contract of employment with the plaintiff on January 1, 1934, and under the terms of which the plaintiff owed him $112.50 for salary for the last half of May, 1934, and the further sum of $36 for the cost of the trip to Montgomery, Alabama, for which he prayed judgment. The jury returned a verdict for the defendant for $8.82. The plaintiff made a motion for new trial, which was overruled, and the appellate division of the civil court of Fulton County reversed the judgment of the trial court, and the defendant excepted.

■ The stated account sued on was not denied by the defendant. He admitted that he signed it, but contended that he did so because of the fraudulent representations of the plaintiff. The only evidence in this respect was that of the defendant, to the effect that the agent of the plaintiff told him, when he signed the stated account on May 24, 1934, that he would be paid his salary to May 31, 1934, and the further sum of $36 representing the cost of a trip to Montgomery, Alabama, and that he did not keep his promise. This would not warrant the inference that the promise was made with the intention not to perform it. It was merely a promise to pay money in the future, and, if breached, did not constitute actionable

fraud. Therefore it was error for the court to charge the jury that if the agent of the Waterproofing Company made the promise to Mr. Bullard to pay the salary and expenses with the intention at the time not to perform the promise, if Mr. Bullard relied on the promise to his injury, he would not be liable on the written agreement sued on. See *Rogers* v. *Sinclair Refining Co.,* 49 *Ga. App.* 72 (174 S. E. 207); *Thigpen* v. *Harbison-Walker &c. Co.,* 55 *Ga. App.* 397, 405 (190 S. E. 378); *Snow's Laundry &c. Co.* v. *Georgia Power Co.,* 61 *Ga. App.* 402 (3) (6 S. E. 2d, 159). The decisions cited by the plaintiff in error to support his theory of the case, to wit, that a fraud can be predicated on promises made with a present intention not to perform them, are without application here, under the facts of this case as disclosed by the evidence.

■ It appears from the evidence that the indebtedness represented by the stated account and that claimed by the defendant grew out of the contract of employment by the plaintiff of the defendant as manager of its business in Atlanta and the surrounding territory. "An account stated is an agreement between persons who have had previous transactions, fixing the amount due in respect of such transactions, and promising payment." *Ward* v. *Stewart,* 103 *Ga.* 260, 262 (29 S. E. 872); *Moore* v. *Hendrix,* 144 *Ga.* 646 (87 S. E. 915); *Sinclair Refining Co.* v. *Scott,* 60 *Ga. App.* 76 (2 S. E. 2d, 755). There was no evidence of any fraud, accident, or mistake which would have excused the defendant's failure to have included in the account stated the amount he claims the company owed him. In the absence of fraud, accident, or mistake, the writing signed by the parties hereto and treated by them as an account stated will be presumed to contain or represent the entire agreement between them with reference to the indebtedness then existing between them by reason of the contract of employment in question; and it was error for the court to admit testimony tending to contradict or vary the terms of the account stated. *Dyar* v. *Walton,* 79 *Ga.* 466 (7 S. E. 220).

■ The appellate division of the trial court did not err in granting a new trial.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*