41424. LAWSON v. DIXIE FEED & SEED COMPANY, INC.

ARGUED JULY 6, 1965—DECIDED NOVEMBER 2, 1965.

O. J. Tolnas, for plaintiff in error.

Felix P. Graham, Harold A. Boggs, contra.

BELL, Presiding Judge. ■ The motion to dismiss the bill of exceptions has no merit. It is denied.

■ Special ground 1 of the motion for new trial assigns error upon the following portion of the trial court's instructions to the jury:

"If you believe that the defendant, U. A. Lawson, came to Mr. Whitehead, the president of the plaintiff corporation, and acknowledged the correctness of the account and every item thereof, and you believe that by a preponderance of the evidence, then you should find for the plaintiff."

There was evidence that the open account sued upon had become an account stated. The charge objected to in this ground apparently was an attempt to charge on this issue.

An account stated is an agreement by which persons who have had previous transactions with each other fix the amount due in respect to such transactions and the one indebted promises payment of the balance. Moore v. Hendrix & Hodges, 144 Ga. 646, 648 (87 SE 915); Murray v. Lightsey, 59 Ga. App. 100, 101 (197 SE 870); Mutual Furniture Co. v. Moore, 60 Ga. App. 655, 656 (4 SE2d 711); Bullard v. Western Waterproofing Co.,

63 Ga. App. 547, 549 (11 SE2d 713). In the absence of fraud or mistake an account stated is conclusive upon the parties. *Phillips v. Ableson,* 60 Ga. App. 558, 559 (4 SE2d 411); *J. R. Watkins Co. v. Brewer,* 73 Ga. App. 331, 342 (36 SE2d 442).

In order to convert an open account into an account stated, an oral agreement as to the amount and an oral promise to pay are sufficient. *Murray v. Lightsey,* 58 Ga. App. 100, 102 supra; *Martin v. Mayer,* 63 Ga. App. 387, 399 (11 SE2d 218). However, an account may become stated even without express agreement. If an account is rendered to the debtor and he fails to object to it, a jury "might be authorized to infer that the failure of the party to raise objection was an implied agreement on his part that the account was correct"; but this inference is not demanded as a matter of law. *Borders v. Gay,* 6 Ga. App. 734, 735 (65 SE 788). Likewise, the promise to pay may be either express or implied. *Ward v. Stewart & Ward,* 103 Ga. 260, 262 (29 SE 872); *Heyward v. Ramsey,* 31 Ga. App. 14, 15 (121 SE 847). This inference, also, is not demanded as a matter of law, from the mere failure to object to an account rendered. Nor is a promise to pay necessarily to be inferred from mere acquiescence in the correctness of the amount. *Shores-Mueller Co. v. Bell,* 21 Ga. App. 194, 195 (94 SE 83). This is true unless the "acquiescence" consists of written acknowledgment of the existing liability, in which case it is the equivalent of a new promise to pay. See *Sinclair Refining Co. v. Scott,* 60 Ga. App. 76, 78 (2 SE2d 755).

The charge attacked in ground 1 was erroneous because it authorized a recovery for plaintiff as upon an account stated, if the jury found merely that defendant had made an oral admission to the correctness of the amount without a promise to pay the amount admitted or agreed to be correct. In the absence of a promise express or implied, to pay the amount agreed upon, the agreement, or admission as to the amount of the account, was not binding upon the defendant as an account stated. *Shores-Mueller Co. v. Bell,* 21 Ga. App. 194, supra.

"In an action on an account for the purchase price of merchandise delivered and not paid for, the admission by the defendant of the correctness of the account is sufficient to support

a verdict in favor of the plaintiff." *McKnight v. Anderson,* 76 Ga. App. 81, 86 (44 SE2d 814). However, such an admission is not final proof but only a means of proof having evidentiary value to be considered by the jury, and is subject to explanation or denial by other evidence. *Elliott v. National Union Radio Corp.,* 68 Ga. App. 873 (24 SE2d 705).

Thus, if the charge is construed as an attempt to charge with reference to an open account, it was erroneous because it *required* a verdict for the plaintiff if the jury found that defendant had acquiesced in the amount.

If construed as an attempt to charge with reference to an account stated, the instruction was erroneous because it left out an essential element of a stated account—i.e., a promise to pay.

■ Ground 3 assigns error upon the following part of the charge:

"I charge you further that if you find that plaintiff sent a statement of the account through the mails, duly addressed, and that statement was received by the defendant, U. A. Lawson, and he did not object to it within reasonable time after its reception, in the absence of satisfactory excuse for not so objecting, the burden of proving the incorrectness of the account would be on the defendant, U. A. Lawson, and if U. A. Lawson, the defendant, failed to carry the burden, you should give a verdict for the plaintiff for the amount due, if you find the same is due."

Ground 2 assigns error upon another part of the charge substantially the same as that complained of in ground 3.

Since an admission by the defendant of the correctness of the account is sufficient to support a verdict in favor of the plaintiff (*McKnight v. Anderson,* 76 Ga. App. 81, supra) and a jury is authorized to infer that the defendant's failure to object amounts to an implied agreement that the account is correct (*Field v. Reid,* 21 Ga. 314, 327; *Borders v. Gay,* 6 Ga. App. 734, supra), evidence that the defendant failed to object to the account rendered within a reasonable time was sufficient to shift to the defendant the burden of going forward with the evidence. Such evidence, however, did not shift the burden of

*proof*, which is fixed by the pleadings and never shifts. *Boyd v. Hill*, 94 Ga. App. 686, 687 (96 SE2d 222). See in this connection *Atlantic C. L. R. Co. v. Thomas*, 83 Ga. App. 477, 480, 485 (64 SE2d 301), where the court treated this subject in considerable detail. In reversing the trial court for error in charges confusing the two senses of the phrase "burden of proof," the court there held, "It cannot safely be said in the present instance that in its context the words 'burden of proof' meant burden of evidence and that it did not mislead the jury."

The trial court erred in giving the charges complained of in grounds 2 and 3.

■ Ground 4 attacks a portion of the charge in which the court instructed the jury upon principles of partnership for the jury's consideration of whether defendant Lawson was liable upon the account as a partner of Thurmond.

It was not essential to Lawson's liability that a partnership exist between him and Thurmond, and this issue was not made by the pleadings. Nor was there any evidence which would authorize the charge, which imported to the jury that in the absence of other factors operative to create liability they might find defendant liable on the theory of a partnership.

The court erred in charging the jury on this theory.

■ The charge complained of in ground 5 of the motion for new trial was correct and applicable to the issues in the case.

■ Since the evidence may differ on the new trial, it is not necessary to rule upon the general grounds of the motion for new trial.

*Judgment reversed on special grounds 1, 2, 3, and 4 of the motion for new trial. Frankum and Hall, JJ., concur.*